### HINCKLEY *against* EMERSON.

ON certiorari to a Justice's Court. In the Court below Emerson declared against Hinckley, in trespass, for killing his (Emerson's) dog; to which Hinckley pleaded the general issue; and justified the killing as necessary to preserve his property.

The plaintiff proved that the defendant shot the dog near the defendant's gate. The witness swore that he set

If one's dog chases or worries cattle, an action lies against him, if he have notice that his dog is in the habit of doing this.

But no one has a right, for this reason, to kill the dog, except he worry sheep, and thus be brought within the statute, (1 R. L. 169.)

To justify killing him, except in the case of sheep, it is necessary to show that he could not otherwise be separated.

When a dog attacks persons, he may be killed as a common nuisance.

And so if he attack, and actually kill domestic animals on the owner's land.

the dog on the defendant's hogs ; but he did not hurt them. Afterwards the dog attacked the hogs, of his own accord. The witness called him off, and took him by the ear to lead him to the plaintiff's shed ; when the defendant came, with his rifle, the witness let go his hold, and the defendant shot the dog. The witness had, several times, set him on cattle, when they came under the plaintiff's shed ; but was directed by the plaintiff to be careful that he did not injure them. He swore that the dog was worth 10 or 15 dollars.

The defendant offered to show, in bar of the action, that the dog had habitually chased and worried the cattle, hogs and geese of the defendant, on his premises, within the plaintiff's knowledge ; but the Justice decided that the action could not be defeated by such evidence, though the damages might be mitigated.

Judgment for the plaintiff.

*W. L. F. Warren,* for the plaintiff in error.

*W. Metcalf,* contra.

*Curia,* per WOODWORTH, J.  If the plaintiff's dog had worried or injured the defendant's cattle on his land, an action would lie, if the plaintiff had previous notice that his dog was in the habit of being thus vicious.  But except in the case of worrying or killing sheep, a case provided for by statute, (1 R. L. 169,) I do not know that any one beside the master has a right to kill the dog.  It seems to be law, that where a dog chases and kills one's domestic animals on his land, he may kill the dog.  (*Wadhurst v. Damme,* Cro. Jac. 45.  *Barrington v. Turner,* 3 Lev. 28.)  But if the dog merely chases or bites an animal, in order to justify killing the dog, it is necessary to show that he could not otherwise be separated.  (*Wright* v. *Ramscott,* 1 Saund. 84.)  But where a dog is ferocious and attacks persons, he may be killed, being considered a nuisance.  (*Putnam v. Payne,* 13 John. Rep. 312.)  The statute, allowing dogs that attack sheep to be killed, recognizes the common law doctrine as above laid down. (And vide *Brock* v. *Copeland,* 1 Esp. Rep

203.   *Boulton* v. *Banks,* Cov. Car. 254.   *Kinnion* v. *Davies,* id. 487.)   The judgment must be affirmed.

Judgment affirmed.(*a*)

(*a*) This cause was decided in October term, 1824.

---

## GENERAL RULE.

Februrary Term, 1825.

ORDERED, That after the present term of this Court, no cause be entered on the calendar of enumerated motions, unless the note of the time when the question arose (*a*) be filed in the clerk's office of this Court, at the place where the Court is to be held, before the Tuesday next preceding the term.

(*a*) Vid. the 1, 2, and 3 Rules Jan. Term, 1799.