60   211
24a  272

## JAMES K. BRENT

*v.*

## SAMUEL H. KIMBALL.

1. TRESPASS—*to personal property—killing a dog.* Where one person kills the dog of another, which has been scared and runs upon his premises, but has done no injury, or was attempting to do none, but simply because the party killing it suspects that the dog had previously interrupted his hens' nests, such act is a trespass, for which the perpetrator is liable.

2. OWNER OF DOG—*liable when, for his trespasses.* If a dog is vicious, and the owner has notice of the fact, an action would lie against him for damage by the dog. But the party injured has no more right to kill the dog than he would have to kill a breachy animal for breaking into his corn.

3. SAME—*liability of owner—justification under the statute.* Our statute has enacted the common law in declaring that the owner of a dog shall be liable for all damages sustained by reason of such dog killing, wounding, or chasing sheep, or other domestic animals. And the same act authorizes any person, who may discover any dog, killing, wounding, or chasing sheep, or discover such dog under circumstances that satisfactorily show that the dog has recently been so engaged, to immediately pursue and kill such dog. No one but the master of a dog has the right to kill him, except where the dog is found killing, wounding, or chasing sheep, or under circumstances which show that the dog has been recently so engaged, or where he has been recently bitten by a rabid dog, or by one reasonably supposed to be so, or where a dog is ferocious and attacks persons.

4. RIGHT OF ACTION—*proof of pecuniary injury.* It is error, in such a case, for the court to instruct the jury that, to recover, the plaintiff must prove, by a preponderance of evidence, that the dog was his property, and was of some pecuniary value. The law recognizes the right of property in a dog, and if it was destroyed without legal justification, the law implies damages, and plaintiff is entitled to at least nominal damages, as it does in every case of illegal invasion of the right of property of another.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. BATCHELOR, and Messrs. PHELPS & STEWART, for the appellant.

Mr. JOHN PORTER, and Messrs. GLENN & WILLITS, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action of trespass, brought by appellant against appellee, for the alleged wrongful killing, by the latter, of appellant's dog.

The evidence shows, without conflict, that, as the dog in question was passing along the highway, some boys scared him

into appellee's yard, whereupon the latter came out with his gun and shot him.

Appellee does not pretend, in his evidence, that the dog, at the time of the killing, was doing any mischief to person or property, but claims, more, as it seems, upon suspicion than knowledge, that the dog had previously destroyed his hens' nests or eggs.

If the dog had a vicious habit, and appellant had previous notice of it, an action would lie against him for the damage done by his dog. But it does not follow that the party injured may justify the killing of the dog for that reason, any more than he could the killing of a breachy animal for breaking into his corn.

The common law liability of the owner of a dog is made absolute in a specified class of cases by the statute, without notice to him of any vicious habit.

The 1st section of the act of 1853, Gross' Stat. 45, declares that the owner of any dog shall be liable in an action on the case for all damages that may accrue to any person by reason of such dog killing, wounding, or chasing any sheep, or other domestic animal.

And the 2d section authorizes any person, who shall discover any dog in the act of killing, wounding, or chasing sheep, or discover such dog under such circumstances as to satisfactorily show that the dog had been recently engaged in killing, or chasing sheep for the purpose of killing them, to immediately pursue and kill such dog.

The act of 1861, Gross' Stat. 45, authorizes the county courts, or boards of supervisors in the counties, to impose a tax upon dogs, and make such other regulations within their counties as they may deem advisable in relation to dogs, and then declares that, when such orders or regulations are made, any owner of a dog who shall refuse or neglect to comply with them, shall not recover for any killing or injury done to his dog, and shall also be liable to a fine of $10, to be recovered as therein provided.

Except in the cases where a dog is discovered in the act of killing, wounding, or chasing sheep, or under such circumstances as to satisfactorily show that he has been recently so engaged, the cases provided for by the statute, and except where he has been recently bitten by another dog which is mad, or may be reasonably supposed to be so, or where a dog is ferocious and attacks persons, we do not know that any one, besides the master, has a right to kill it. *Hinckley* v. *Emerson*, 4 Cow. 351, and cases there cited.

The court below instructed the jury, on behalf of appellee, that it was incumbent on the plaintiff to show, by a preponderance of evidence, that the dog killed by defendant was the property of the plaintiff, and of some pecuniary value ; and unless they so believe from a preponderance of evidence, they should find for the defendant.

This instruction was manifestly wrong. The law recognizes the right of property in dogs. The one in question was owned by the appellant; this was established by uncontroverted evidence. If, therefore, appellee destroyed this property without legal justification for the act, appellant was entitled to recover at least nominal damages, without proving that the animal was of any pecuniary value whatever. The injury imports damages. It was an invasion of appellant's right of property. Suppose appellee had ridden over appellant's land without authority, the latter could have maintained an action of trespass, though the act did him no damage, because it was an invasion of his property, and the other had no right to come there.

The observations of HOLT, Ch. J., in *Ashby* v. *White*, 2 Ld. Raymond, 955, are very pertinent to this question. "Surely," he said, "every injury imports a damage, though it does not cost the party one farthing, and it is impossible to prove the contrary ; for a damage is not merely pecuniary, but an injury imports a damage when a man is thereby hindered of his right. As in an action for slanderous words, though a man does not lose a penny by reason of the speaking them, yet he

shall have an action. So, if a man gives another a cuff on the ear, though it cost him nothing, no, not so much as a little *diachylon*, yet he shall have his action, for it is a personal injury. So, a man shall have an action against another for riding over his ground, though it do him no damage ; for it is an invasion of his property, and the other has no right to come there."

For the error in giving the instruction stated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*