## LAWTON *et al.* v. STEELE.

(*Supreme Court, General Term, Fourth Department.* February 23, 1889.)

CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

> Laws N. Y. 1880, c. 591, as amended by Laws 1883, c. 317, providing for the appointment of game and fish protectors, and making it their duty to destroy any net or other device for capturing fish found on any waters in the state in violation of law, is not unconstitutional, as depriving persons of property without due process of law.

Appeal from special term.

Action for damages by George W. Lawton and another against William N. Steele. Judgment for plaintiffs, and defendant appeals.

*Elon R. Brown,* for appellant.    *E. C. Emerson,* for respondents.

PER CURIAM. We concur in the opinion delivered at special term as to all the questions involved in this case except the constitutionality of chapter 591, Laws 1880, as amended by Laws 1883, c. 317.[1] At special term it was held that that statute was unconstitutional. We think the statute in question is not violative of the provision of the constitution which declares that no person shall be deprived of life, liberty, or property without due process of law. We are of the opinion that the legislature, by virtue of the police power of the state, with which it is vested, was authorized to pass the statute under consideration, and that it is valid, and should be upheld. *Smith* v. *Levinus,* 8 N. Y. 472; *Smith* v. *Maryland,* 18 How. 71; *Phelps* v. *Racey,* 60 N. Y. 10; *State* v. *Snover,* 42 N. J. Law, 341; *Williams* v. *Blackwall,* 2 Hurl. & C. 33; *Blazier* v. *Miller,* 10 Hun, 435; *Hinckley* v. *Emerson,* 4 Cow. 351; *Brown* v. *Hoburger,* 52 Barb. 25; *People* v. *Cipperly,* 37 Hun, 324, affirmed on dissenting opinion of LEARNED, J., 101 N. Y. 634, 4 N. E. Rep. 107.

The judgment recovered was for $216 damages, being for the value of 16 fish-nets destroyed by the defendant. Twelve of these nets were found set in the waters of Black River bay, in violation of the statute for the preservation

---

[1] Laws N. Y. 1883, c. 317, which amends Laws 1880, c. 590, provides for the appointment of fish and game protectors, and makes it their duty to destroy as a public nuisance any net or other device for capturing fish found or maintained in or upon any waters of the state in violation of law.

of the fish therein. The other four were not set in the water, but were found on Perch River bridge, and were worth $36. The defendant had no right to destroy the four nets which were not in illegal use. This was conceded. Hence we conclude that, while the plaintiffs were entitled to a judgment against the defendant for $36 damages, they were not entitled to the judgment awarded, and that the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.