(No. 36239.

EUNICE L. PEARCE *et al.,* Appellees, *vs.* FLORIS ST. JOHN *et al.,* Appellants.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

HUGH M. MATCHETT, of Chicago, for appellants.

MORAN, KLOCKAU, McCARTHY, SCHUBERT & HENSS, of Rock Island, (DONALD A. HENSS, of counsel,) for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

Eunice L. Pearce, suing for herself and as the mother and next friend of her minor children, brought this action for damages against the owners and operators of numerous taverns alleged to have been frequented by her former husband, from whom she is now divorced. Upon motions of the defendants, six of the seven counts contained in the complaint were dismissed. The plaintiff appealed directly to this court and the case was consolidated for review with *Knierim* v. *Izzo,* 22 Ill.2d 73. Upon the defendants' motion, made prior to the submission of the consolidated cases, we dismissed this appeal on the ground that it was

premature. The plaintiff has since secured an appropriate order under section 50(2) of the Civil Practice Act, (Ill. Rev. Stat. 1959, chap. 110, par. 50(2),) and the case is again before us. Upon plaintiff's motion, her brief and argument in *Knierim* v. *Izzo, 22* Ill.2d 73, was allowed to stand as her original brief and argument in this case.

Two of the counts in this complaint purported to state actions under section 14 of article VI of the Liquor Control Act, (Ill. Rev. Stat. 1959, chap. 43, par. 135,) one on the ground that the plaintiff had been forced to expend her own funds to support herself and her children during the period when her husband was habitually intoxicated, and the other on the ground that her husband had assaulted and injured her while he was intoxicated. Any error with respect to the dismissal of these counts has been waived because it has not been argued. The plaintiff has argued only the question of the existence of a common-law right to recover for a sale of intoxicating liquor in violation of section 12 of article VI of the Liquor Control Act. (Ill. Rev. Stat. 1959, chap. 43, par. 131.) That question was presented to this court in *Cunningham* v. *Brown, 22* Ill.2d 23, and *Knierim* v. *Izzo, 22* Ill.2d 73, and our decisions in those cases, in which we rejected the identical arguments that the plaintiff advances here, are controlling here.

The judgment of the circuit court of Jo Daviess County is affirmed.

*Judgment affirmed.*