(No. 62834.—

CASIMIR JODELIS, a/k/a Kazys Jodelis, a/k/a Casimir Juodelis, v. ROBERT HARRIS, Appellant (West Lawn Memorial Amvets' Post 192, Appellee).

*Opinion filed December 21, 1987.*

SIMON, J., specially concurring.

Rock, Fusco, Reynolds & Heneghan, P.C., of Chicago (William Paul Jones, of counsel), for appellant Robert Harris.

John Fako, Jr., and Gerald M. Chapman, of Chicago (Joseph Samuels, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court.

The plaintiff, Casimir Jodelis, filed an action in the circuit court of Cook County seeking damages for personal injuries suffered when he was struck by an automobile driven by the defendant, Robert Harris. Harris filed a third-party complaint for contribution against West Lawn Memorial Amvets' Post 192 (Amvets), pursuant to the Illinois Dramshop Act (Ill. Rev. Stat. 1979, ch. 43, par. 135), and the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1979, ch. 70, pars. 301 through 305). The circuit court allowed Amvets' motion to dismiss the third-party complaint, and the appellate court affirmed (138 Ill. App. 3d 457). We allowed Harris' petition for leave to appeal (107 Ill. 2d R. 315).

On July 19, 1978, Amvets owned and operated a tavern where the plaintiff consumed alcoholic beverages, which allegedly caused him to become intoxicated. The plaintiff left the tavern and attempted to cross the street in front of the tavern. He sustained personal injuries

when he was struck by Harris' car and sued Harris, claiming negligence. As stated, the circuit court allowed Amvets' motion to dismiss the third-party complaint Harris filed against it. The appellate court, in affirming, held that a dramshop is not liable under the Dramshop Act in a third-party action for contribution where the original plaintiff is the intoxicated patron.

The basic question in this appeal is whether a third-party plaintiff (Harris) has a cause of action under the Contribution Act against a dramshop (Amvets) where the claimed ground of liability is the Dramshop Act.

The relevant statutory provisions are: section 14 of article VI of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1979, ch. 43, par. 135 (now section 6—21)) (Dramshop Act), and section 2(a) of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1979, ch. 70, par. 302(a) (Contribution Act)). The Dramshop Act provides in part:

> "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person." (Ill. Rev. Stat. 1979, ch. 43, par. 135.)

The section of the Contribution Act concerned here provides:

> "[W]here 2 or more persons are *subject to liability in tort* arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 70, par. 302(a).

Harris argues that he is entitled to contribution from Amvets based upon the strict liability imposed by the Dramshop Act, though Amvets has no liability to the plaintiff. He claims an inchoate right of action for contribution against Amvets on equitable principles enunciated

in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, and codified in the Contribution Act, which provide that financial responsibility for damages will be divided between the persons causing the injury. Harris says that Amvets' conduct contributed to the cause of the plaintiff's injuries, and that, therefore, it is liable for contribution.

Amvets' principal contention is that Harris has no cause of action under the Contribution Act because the statute expressly limits the obligation of contribution to parties who "are subject to liability in tort." (Ill. Rev. Stat. 1979, ch. 70, par. 302(a).) Amvets asserts that because Amvets is not liable in tort to either the plaintiff (*Pearce v. St. John* (1961), 22 Ill. 2d 412; *Knierim v. Izzo* (1961), 22 Ill. 2d 73; *Cunningham v. Brown* (1961), 22 Ill. 2d 23; *Howlett v. Doglio* (1949), 402 Ill. 311) or the third-party plaintiff (*Hopkins v. Powers* (1986), 113 Ill. 2d 206; *Dworak v. Tempel* (1959), 17 Ill. 2d 181; *McDonald v. Trampf* (1964), 49 Ill. App. 2d 106), Harris does not have a cause of action for contribution.

The right of contribution was first recognized in *Skinner v. Reed-Prentice Division Package & Machinery Co.* (1977), 70 Ill. 2d 1, *cert. denied* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849, where this court departed from the common law rule which prohibited contribution between joint tortfeasors. In 1979, the General Assembly enacted the Contribution Act, which codified the holding in *Skinner*. (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 522.) The Contribution Act recognizes only a restricted right of contribution, providing that there is a cause of action for contribution only "where 2 or more persons are *subject to liability in tort*." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 70, par. 302(a).

In *Hopkins v. Powers* (1986), 113 Ill. 2d 206, this court considered whether a dramshop is "subject to liability in tort" for purposes of a cause of action brought

under the Contribution Act. We consider our decision in *Hopkins* dispositive of this appeal. There this court decided that a dramshop which contributes to the intoxication of a person who later causes injury to another is not "liable in tort" under the Dramshop Act for purposes of an action for contribution brought by the intoxicated party. The court concluded that, while the serving of intoxicating beverages may impose liability on dramshops, that liability is not grounded in tort, but arises purely from the Dramshop Act. The court held that because the liability on dramshops under the Dramshop Act "is exclusive, *sui generis* nontort liability," the defendant dramshop was not "liable in tort" for purposes of the Contribution Act. Thus, the plaintiff could not maintain an action for contribution against the dramshop under the Contribution Act. (113 Ill. 2d at 211.) *Hopkins* is applicable here, and under it, Amvets is clearly not liable in tort for purposes of the Contribution Act.

In *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, upon which Harris relies, the court held that there was "liability in tort," but that decision does not apply here. In *Doyle*, the plaintiff-employee sued a motorist in negligence for injuries suffered when the defendant's automobile struck him. The defendant-motorist filed a third-party action against the plaintiff's employer, seeking contribution under the Contribution Act. The employer argued that it was not "subject to liability in tort" to its employee and, consequently, was not subject to suit under the Contribution Act, because the Workers' Compensation Act immunized an employer from an employee's tort action. The court rejected the employer's argument, explaining that for purposes of the Contribution Act, " 'liability is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought.' " (101 Ill. 2d at 11, quoting *Stephens v. McBride* (1983), 97 Ill. 2d 515, 520.) The

court held that at the time of an injury for which an employer's negligence was responsible, the employer is in fact "subject to liability in tort" to his employee. The Workers' Compensation Act provided an employer only with an affirmative defense against an employee's tort action. Because there was an exposure to tort liability until the defense was established, the court held that employers were "subject to liability in tort" for purposes of the Contribution Act. 101 Ill. 2d at 11.

Unlike the employer in *Doyle*, however, Amvets is not "liable in tort" for purposes of the Contribution Act. (*Hopkins v. Powers* (1986), 113 Ill. 2d 206.) Amvets' liability is limited, to use language from *Hopkins*, to the "exclusive, *sui generis* nontort liability" under the Dramshop Act. (113 Ill. 2d at 211.) Amvets is not liable in tort, and therefore, Harris cannot maintain an action for contribution under the Contribution Act.

We are also persuaded by Amvets' contention that, unlike the employer in *Doyle*, who were it not for the Workers' Compensation Act would have been liable to the employee, Amvets simply was not subject to liability for the plaintiff's injuries under the Dramshop Act. The Dramshop Act does not merely provide dramshops with immunity or an affirmative defense to an intoxicated patron's suit. Rather, dramshops are not exposed to any liability under the Dramshop Act to intoxicated patrons who suffer injuries as a result of their own intoxication.

This court's decisions have consistently recognized that a dramshop's liability stems exclusively from the Dramshop Act. (*Demchuk v. Duplancich* (1982), 92 Ill. 2d 1; *Knierim v. Izzo* (1961), 22 Ill. 2d 73; *Cunningham v. Brown* (1961), 22 Ill. 2d 23.) The Act restricts dramshop liability to instances where a third person suffers damages as a result of the sale or gift of intoxicating liquors. (*Hopkins v. Powers* (1986), 113 Ill. 2d 206, 211; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109.)

Neither the Dramshop Act nor the common law exposes dramshops to liability when intoxicated patrons suffer injuries as a result of their own intoxication. (*Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109; *Holmes v. Rolando* (1943), 320 Ill. App. 475; *Cunningham v. Brown* (1961), 22 Ill. 2d 23.) A dramshop, thus, is not subject to liability to such persons within the meaning of the Contribution Act.

Harris contends that, even if the dramshop is not liable in tort to the plaintiff under the Dramshop Act, it should be liable in tort to Harris through the equitable principles of contribution enunciated in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, and codified in the Contribution Act. Harris argues that these equitable principles impose a duty in tort on dramshops to compensate a defendant who pays damages to a plaintiff for the injuries the plaintiff sustained as a result of intoxication.

We cannot agree. This court has consistently held that the Dramshop Act provides the sole remedy against a dramshop for injuries caused by intoxicated persons. (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1; *Cunningham v. Brown* (1961), 22 Ill. 2d 23.) As this court put it in *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 211, a "purveyor of intoxicating beverages may be held liable only under the provisions of the Dramshop Act and that the liability so imposed is *sui generis* and exclusive."

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE SIMON, specially concurring:

I continue to believe that the decision in *Hopkins v. Powers* (1986), 113 Ill. 2d 206, that dramshops are not "liable in tort" under the Contribution Act (Ill. Rev.

Stat. 1979, ch. 70, par. 302(a)), and therefore not subject to an action for contribution is incorrect. (See *Hopkins*, 113 Ill. 2d at 212-19 (Goldenhersh and Simon, JJ., dissenting).) The result of the application of such a decision is even more egregious here than it was in *Hopkins* because in this case it is not the intoxicated person who is attempting to get contribution from the dramshop, but rather, the person seeking contribution is one who has been sued by the intoxicated person. Unfortunately, the holding in *Hopkins* controls the outcome in this case, and I reluctantly concur in the decision of the court.