JAMES J. MATUSAK, Plaintiff, v. CHICAGO TRANSIT AUTHORITY *et al.*, Defendants and Third–Party Plaintiffs-Appellants (Mitchell Kaczmarek, Indiv. and d/b/a Belmont Tavern, Third–Party Defendants-Appellees).

First District (3rd Division)   No. 85—1169

Opinion filed January 27, 1988.

Donald J. O'Brien, Jr., of Chicago (James M. Dower and Michael W. Rathsack, of counsel), for appellants.

Edward J. Berman, of Chicago, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Third-party plaintiffs, the Chicago Transit Authority and Peter Gordon (hereinafter the CTA), appeal the circuit court of Cook County's grant of the motion of third-party defendants, Edwin Kaczmarek and Mitchell Kaczmarek (the Kaczmareks), individually and d/b/a Belmont Tavern, to dismiss their third-party complaint for contribution. The issue presented is whether a defendant sued in tort for personal injuries suffered by an intoxicated plaintiff may maintain a contribution action against the dramshop which caused the plaintiff's intoxication.

We affirm.

Plaintiff, James Matusak, filed a complaint against the CTA for personal injuries allegedly sustained when he attempted to alight from a CTA bus, which Gordon was driving. Plaintiff alleged that, as he attempted to exit the bus, Gordon drove on, knocking him to the ground.

The CTA then filed a third-party complaint for contribution against the Kaczmareks. The CTA alleged that, on the date of plaintiff's accident, he had been served alcohol on the premises of the Belmont Tavern, which caused his intoxication, and that, as a proximate result thereof, plaintiff fell into the bus driven by Gordon and was injured. The CTA sought a judgment against the Kaczmareks, according to the relative culpability of the parties in causing plaintiff's injuries,

under the Contribution Act (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) and the Dramshop Act (Ill. Rev. Stat. 1981, ch. 43, par. 135) if a judgment were entered against it in the underlying action.

The Kaczmareks' motion to dismiss the third-party complaint alleged, *inter alia*, that the CTA had no right of contribution against them because they were not liable in tort to plaintiff, James Matusak, under the Dramshop Act, which is restricted to situations where third parties suffer damages as a result of the actions of intoxicated individuals. The trial court dismissed the third-party complaint with prejudice.

The CTA contends on appeal that its third-party complaint stated a cause of action against the Kaczmareks because plaintiff's intoxication resulted, in whole or in part, in his injuries. It asserts that the Kaczmareks' culpability in contributing to plaintiff's injuries is therefore self-evident. Citing *Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735, 475 N.E.2d 5, the CTA notes that a contribution action generally may be maintained against a dramshop. Thus, it reasons, the only issue here is whether a dramshop is liable for contribution when the intoxicated individual is the plaintiff in the underlying suit. *Monsen* approved the right of an intoxicated person made a defendant in a personal injury suit to seek contribution from the dramshop which caused his intoxication. *Monsen* was impliedly overruled by *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757, in which the supreme court rendered a decision to the contrary. The CTA has cited *Hopkins* as additional authority for its position, apparently in reliance on the language that "[r]ecovery under the Dramshop Act is limited to innocent third persons who are injured as a result of the sale or gift of intoxicating beverages." *Hopkins*, 113 Ill. 2d at 211.

At oral argument before this court, the parties conceded that our supreme court's decision in *Jodelis v. Harris* (1985), 138 Ill. App. 3d 457, 485 N.E.2d 1208, *appeal allowed* (1986), 111 Ill. 2d 568, which was then before that court, involved the same issue as this appeal and would thus be controlling. The parties agreed to await the decision in *Jodelis* before we disposed of this appeal. An opinion having been filed by the supreme court in that case, we now proceed to dispose of this appeal.

The third-party plaintiff in *Jodelis* argued, as the CTA generally does here, that he was entitled to contribution from the dramshop which caused the plaintiff's intoxication on equitable principles established in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 371 N.E.2d 437, *cert. denied* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849, and codified in the Contribution Act

(Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.*). *Skinner* and the Contribution Act "provide that financial responsibility for damages will be divided between the persons causing" a personal injury. *Jodelis v. Harris* (1987), 118 Ill. 2d 482, 485.

■■ The supreme court noted that the Contribution Act "recognizes only a restricted right of contribution, providing that there is a cause of action for contribution only 'where 2 or more persons are *subject to liability in tort.*'" (Emphasis added.) (118 Ill. 2d at 485.) The court then held its decision in *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757, as dispositive. *Hopkins* held that a dramshop contributing to the intoxication of a person later causing injury to another is not "'liable in tort'" under the Dramshop Act for purposes of an action by the intoxicated party under the Contribution Act. (*Jodelis*, 118 Ill. 2d at 486.) Rather, the *Hopkins* court reasoned, the Dramshop Act imposed "'exclusive, *sui generis* nontort liability.'" (118 Ill. 2d at 486.) Therefore, the intoxicated party in *Hopkins* was prohibited from maintaining an action against the dramshop under the Contribution Act. Under *Hopkins*, the dramshop in *Jodelis* was "clearly not liable in tort for purposes of the Contribution Act." *Jodelis*, 118 Ill. 2d at 486.

The court then held *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382, inapplicable to the situation in *Jodelis*. The CTA cites *Doyle* for, *inter alia*, its rejection of the Kaczmareks' argument that their culpability is irrelevant to their liability for contribution. *Doyle* was inapplicable, the court reasoned, because the employer found liable therein for contribution for injuries to his employee was, unlike a dramshop, "'subject to liability in tort'" to an employee whom it may have negligently injured until it established the affirmative defense to such an action provided by the Workers' Compensation Act. (*Jodelis*, 118 Ill. 2d at 486-87.) The court stated:

> "The Dramshop Act does not merely provide dramshops with immunity or an affirmative defense to an intoxicated patron's suit. Rather, dramshops are not exposed to any liability under the Dramshop Act to intoxicated patrons who suffer injuries as a result of their own intoxication.
>
> *** A dramshop, thus, is not subject to liability to such persons within the meaning of the Contribution Act." *Jodelis*, 118 Ill. 2d at 487-88.

■ This observation in *Jodelis* also answers the CTA's argument, relying on *Doyle*, that it is anomalous to allow a defendant in a tort action to seek complete indemnity from an otherwise immune third party while prohibiting the defendant from obtaining contribution

from such third party. (*Doyle,* 101 Ill. 2d at 9.) The CTA asserts that, if prohibited from seeking contribution, it will seek indemnity from the Kaczmareks. Such litigation, it reasons, will erode the requirement of a pretort relationship between the parties to indemnity actions. This erosion will occur, it argues, because of the likelihood, given increasing public concern regarding the sale and consumption of alcohol, that dramshops will be forced to accept responsibility for their actions. The CTA's argument ignores that, as *Jodelis* holds, the Dramshop Act does not merely provide dramshops an immunity or affirmative defense to actions in which they might otherwise be held liable. Rather, under the Act, dramshops are not subject, in the first instance, to any tort liability whatsoever. As such, the concept of indemnity, which is based on a "showing [of] a pre-tort relationship between the guilty parties and a qualitative distinction between their conduct" (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935), has as little application here as the concept of contribution.

In view of *Jodelis,* the CTA's further reliance on cases presenting factual situations different from that presented here is unavailing. See *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54; *Hartigan v. Beery* (1984), 128 Ill. App. 3d 195, 470 N.E.2d 571; *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236.

■■ We must lastly, however, address a contention of the CTA not addressed in *Jodelis.* That is, that its right of contribution is secured by the Dramshop Act itself. The CTA so reasons from the language of the Act:

> "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person." (Ill. Rev. Stat. 1981, ch. 43, par. 135.)

The CTA apparently asserts that it has been injured in its property by the intoxicated plaintiff in that it has had to defend the suit brought by him and resulting from the wrongful conduct of the Kaczmareks. The CTA notes that the Dramshop Act does not contain any limitation on the type of injury which will support an action against the seller of alcoholic liquor. It argues the Act is thus capable of encompassing an action for contribution against such a seller. The CTA also notes that the legislature amended the Dramshop Act as recently as 1983 without limiting the broad language of the Act. It argues that, if the legislature had intended to limit the type of injury compensable under the Act so as to exclude contribution for injuries caused by an intoxicated

plaintiff, it could have done so at that time. It thus concludes that allowing actions for contribution under the Dramshop Act is consistent with the legislative intent to codify *Skinner* in the Contribution Act and to allow contribution against all culpable parties.

The Dramshop Act is penal in character and should therefore be strictly construed. However, it is also remedial and should be construed as to suppress mischief and advance the remedy. (*Standard Industries, Inc. v. Thompson* (1958), 19 Ill. App. 2d 319, 152 N.E.2d 500.) "Injury," as that term is used in the Act, should be given its ordinary meaning, *i.e.*, " 'damage or hurt done to or suffered by a person or thing; detriment to, or violation of person, character, feelings, rights, property, or interests.' " (*St. Clair v. Douvas* (1959), 21 Ill. App. 2d 444, 451, 158 N.E.2d 642.) "Property" as used in the Act has been defined as tangible real or personal property. (*Howlett v. Doglio* (1949), 402 Ill. 311, 83 N.E.2d 708; *Eager v. Nathan* (1957), 14 Ill. App. 2d 418, 144 N.E.2d 629.) It has also been held that the payment of medical expenses by a parent or spouse constitutes damage to property which is recoverable under the Dramshop Act. (See, *e.g.*, *Kelly v. Hughes* (1962), 33 Ill. App. 2d 314, 179 N.E.2d 273.) However, these latter cases are based on the rationale that such obligations are imposed by law on the paying party. (*Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745; *Fortner v. Norris* (1958), 19 Ill. App. 2d 212, 153 N.E.2d 433.) Finally, any extension of liability for damages arising from intoxication must come from the legislature, not the courts (*Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 394 N.E.2d 801) and the scope of the Act cannot be enlarged beyond a reasonable interpretation of its language (*Miller v. Owens-Illinois Glass Co.* (1964), 48 Ill. App. 2d 412, 199 N.E.2d 300).

We decline the CTA's invitation to enlarge the scope of the Dramshop Act beyond a reasonable interpretation of its language. Under the applicable principles, we hold that the defense of a personal injury suit brought by an intoxicated plaintiff is not such legal liability as constitutes injury under the Dramshop Act, allowing a contribution action against the dramshop which caused the intoxication of the plaintiff. The defense of the tort action provides sufficient safeguards as to constitute the protection of, rather than injury to, the CTA's property. Moreover, any damages awarded the plaintiff in the tort action would represent the amount of damages attributable solely to the negligence of the CTA, whether or not reduced by any negligence of the plaintiff. As such, justice does not require that the CTA be allowed to maintain an action for contribution under the Dramshop Act itself against the Kaczmareks.

1038

For all the foregoing reasons, the order of the circuit court of Cook County dismissing the third-party complaint of the CTA is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.