MICHAEL NORDNESS, Plaintiff-Appellant, v. MITEK CORPORATION
SURGICAL PRODUCTS, INC., Defendant-Appellee.

First District (3rd Division)   No. 1—94—4383

Opinion filed February 19, 1997.

COUSINS, P.J., dissenting.

Michael W. Rathsack, of Chicago (Louis S. Goldstein, Cindy G. Fluxgold,
and Michael W. Rathsack, of counsel), for appellant.

Joseph R. Steiger and Renee K. Cogdell Lewis, both of Broderick, Steiger
& Zupancic, of Chicago, for appellee.

JUSTICE LEAVITT delivered the opinion of the court:

The plaintiff, Michael Nordness, brought this action against the defendant, Mitek Corporation Surgical Products, Inc., seeking damages for injuries he suffered when a drill bit it manufactured broke and became embedded in his shoulder during reconstructive surgery. The trial judge entered summary judgment in favor of the defendant because she concluded that there was no evidence tending to show that the presence of the drill bit had caused the plaintiff an injury. We reverse.

■ We review orders granting summary judgment *de novo*. *Delaney v. McDonald's Corp.*, 158 Ill. 2d 465, 467, 634 N.E.2d 749 (1994). Summary judgment should be granted only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1994). We consider the pleadings, depositions, and any affidavits, drawing all reasonable inferences from them in a light most favorable to the nonmoving party. *First State Insurance Co. v. Montgomery Ward & Co.*, 267 Ill. App. 3d 851, 855, 642 N.E.2d 715 (1994). Although a plaintiff need not prove his entire case at the summary judgment stage, he must introduce evidence that would support a finding in his favor. *Payne v. Mroz*, 259 Ill. App. 3d 399, 403, 631 N.E.2d 337 (1994).

The record establishes that on June 18, 1990, Dr. John Brna performed reconstructive surgery on the plaintiff's right shoulder. The plaintiff had a history of dislocating his shoulder and had, as a result, undergone previous surgeries on the same shoulder. At the time of the surgery, the ligaments that attached the ball of the plaintiff's humerus to his shoulder socket had been stripped from the socket. To reattach those ligaments, Dr. Brna planned to drill a hole and insert small barbs into the glenoid bone. When inserted into the hole, the barbs expand and lock in place. The bone then heals around them, and they serve as anchors, holding the shoulder together by clamping the ligaments to the shoulder socket.

Mitek does not dispute that it manufactured the drill bit that Dr. Brna used to drill into the plaintiff's shoulder. While Dr. Brna was drilling the plaintiff's glenoid bone, the tip of the drill bit broke off and lodged in the bone. Dr. Brna did not remove the broken bit, which measured $1\frac{1}{2}$ centimeters in length, because he did not believe that a reasonable surgical procedure to so do existed. Instead, he "overdrilled" the hole with a larger drill bit and inserted the barb. The broken drill bit remains encased in the plaintiff's glenoid bone.

The plaintiff initially brought suit against various medical provid-

ers, including Dr. Brna, but he voluntarily dismissed the action. In his second amended complaint, the plaintiff sued the defendant and alleged three theories of recovery: negligence, strict liability, and implied warranty of merchantability.

In its motion for summary judgment, the defendant contended that the "plaintiff has suffered no injury or damages proximately caused from the drill bit breaking and plaintiff is at no risk from future injuries from the drill bit being left in his shoulder." In support of its motion, the defendant submitted the deposition of Dr. Brna, in which he stated that there was no risk in leaving the drill bit embedded in the bone. Dr. Brna acknowledged that when he informed the plaintiff about the drill bit the plaintiff expressed concern. Nonetheless, Dr. Brna maintained that the drill bit neither delayed the plaintiff's recovery nor caused any discomfort or pain. Furthermore, the drill bit would not cause future discomfort, disability or disfigurement. Dr. Brna also stated that the plaintiff had not complained that he was feeling pain in the shoulder. The plaintiff had incurred no additional expenses with Dr. Brna as a result of the embedded drill bit. Dr. Brna asserted that he had performed this surgery numerous times and that he had done nothing unusual during surgery to cause the drill bit to break. Following surgery, he examined the drill. He noted that "there may have been some sort of defect in the bit where it wasn't manufactured properly or it had been damaged in some way."

On September 22, 1994, in response to the defendant's motion, the plaintiff swore an affidavit stating that he experienced pain, stiffness, and a popping noise in his right shoulder. Also, he no longer can touch the back of his neck with the affected arm, and he cannot bend his arm behind his back. None of these conditions existed before his surgery. The record also establishes that the plaintiff has not returned to see Dr. Brna since April 2, 1991. The plaintiff contended that the doctor, therefore, did not possess sufficient information from which to form an opinion as to the plaintiff's current condition.

The only issue raised by the defendant in its motion for summary judgment was that the plaintiff suffered no injury as a result of the embedded drill bit. Furthermore, that is the only issue addressed in the parties' briefs. Therefore, we assume, for purposes of our discussion, that the plaintiff can prove that the defendant breached some duty owed him which resulted in the breaking of the drill bit during surgery. Our decision is limited to the narrow question of whether the plaintiff has raised a genuine issue of material fact as to whether the presence of an unwanted object in one's body, without more, constitutes a compensable injury.

■ In entering judgment for the defendant, the trial judge assumed that the facts averred in the plaintiff's affidavit were true and concluded that the plaintiff had presented no evidence that raised a genuine issue of material fact demonstrating that the symptoms of which he complained were caused by the continued presence of the drill bit in his shoulder. The judge concluded that the plaintiff's affidavit, standing alone, did not create a genuine issue of material fact regarding Dr. Brna's opinion regarding "lack of injury, lack of damage, lack of permanency." However, given the facts in this case, we do not believe the plaintiff need counter the doctor's opinions as to lack of injury or damage to recover. In this regard, we distinguish among the terms "injury," "damage" and "damages": " 'Injury is the illegal invasion of a legal right; damage is the loss, hurt, or harm which results from the injury; and damages are the recompense or compensation awarded for the damage suffered.' " *Giammanco v. Giammanco*, 253 Ill. App. 3d 750, 758, 625 N.E.2d 990 (1993), quoting Ballentine's Law Dictionary 303 (3d ed. 1969). See *Matusak v. Chicago Transit Authority*, 165 Ill. App. 3d 1032, 1037, 520 N.E.2d 925 (1988) (defining "injury"). A party who proves the right to damages but "fails to provide a proper basis for computing those damages" may still recover nominal damages. *Giammanco*, 253 Ill. App. 3d at 758.

■ As our supreme court stressed over 100 years ago:

> " 'Surely *** every injury imports damage, though it does not cost the party one farthing, and it is impossible to prove the contrary; for a damage is not merely pecuniary, but an injury imports a damage when a man is thereby hindered in his right. *** So, if a man gives another a cuff on the ear, though it cost him nothing *** yet he shall have his action, for it is a personal injury.' "
> *Brent v. Kimball*, 60 Ill. 211, 214-15 (1871), quoting *Ashby v. White*, 2 Ld. Raymond 955.

In this case, we believe that the presence of the drill bit, in and of itself, constitutes a compensable injury. As a result of the breaking of the drill bit, the plaintiff is required to continue his life with a piece of metal embedded in his shoulder, which he neither sought nor invited. The plaintiff's person was, hence, violated and a legally protected interest was invaded when the drill bit broke off and became lodged in his bone. We leave the jury to determine the character and value of the plaintiff's injury.

Accordingly, the order granting the defendant's motion for summary judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GORDON, J., concurs.

JUSTICE COUSINS, dissenting:

I respectfully dissent.

The defendant submitted the deposition of Dr. Brna in support of the defendant's motion for summary judgment. In his deposition, Dr. Brna testified that "the drill bit neither delayed nor caused any discomfort or pain." Furthermore, "the drill bit would not cause future discomfort, disability or discomfort." He also testified that plaintiff had not complained that he was feeling pain in the shoulder.

After defendant filed the motion for summary judgment, the plaintiff filed his own affidavit stating that he experienced pain, stiffness, and popping noise in his right shoulder. However, in my opinion, the nonmedical response by the plaintiff to the motion for summary judgment where the motion was supported by the opinion under oath of the treating doctor is insufficient to raise an issue of fact in the case *sub judice*.

In effect, on the one hand, plaintiff finds no fault with the opinion of Dr. Brna regarding the doctor's use of the drill and the doctor's decision not to remove the piece of metal from plaintiff's shoulder. However, on the other hand, plaintiff contends that he does find fault with Dr. Brna's opinion in the same deposition that plaintiff was not suffering and would not suffer injury from the presence of the metal in his body.

The majority in this case assumes that: (1) the plaintiff can prove breach by the defendant of some duty owed to plaintiff which resulted in the breaking of the drill during surgery, and (2) plaintiff suffered injury. However, the majority's assumptions are not well founded. These assumptions are wholly predicated on the premise that the presence of an unwanted object in one's body, without more, constitutes compensable injury. Significantly, the majority cannot cite any case authority to support the *per se* rule being adopted in this appeal.

In my view, the mere presence of an unwanted object in the plaintiff's body, without more, cannot support a finding in plaintiff's favor. The plaintiff must introduce evidence that would support a finding in his favor. *Payne v. Mroz*, 259 Ill. App. 3d 399, 403, 631 N.E.2d 337 (1994). But plaintiff introduced no competent evidence at the hearing. Therefore, the judgment of the trial court in the instant case granting the defendant's motion for summary judgment was correct and should be affirmed. Accordingly, I respectfully dissent.