MACHINERY TRANSPORTS OF ILLINOIS *et al.*, Plaintiffs-Appellants, v. MORTON COMMUNITY BANK *et al.*, Defendants-Appellees.

Third District No. 3—97—0078

Opinion filed November 14, 1997.

Stephen A. Kouri (argued) and S. Linn Perkins, both of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellants.

David Beckendorf (argued), of Beckendorf & Beckendorf, of Peoria, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

At issue is whether a complaint based on several oral credit agreements is barred by the Illinois Credit Agreements Act (Act) (815

ILCS 160/0.01 *et seq.* (West 1996)), which prohibits recovery unless a credit agreement is in writing. We hold that the trial court properly found that the Act precluded the debtors' action even though the complaint alleged that the debtors fully performed their obligations. Accordingly, we affirm.

## FACTS

In January 1995, the plaintiffs, Machinery Transport of Illinois (MTI), Dennis LaHood, Anthony LaHood, Jr., and Martha LaHood, filed a six-count complaint against defendants Morton Community Bank (Bank) and Gordon Honegger, the Bank's chairman of the board. The complaint included counts for breach of contract, interference with contractual relationships, invasion of privacy/false light, deceptive business practices and fraud. The complaint alleged that in 1991, MTI, which was a long-standing customer of the Bank, made a request that the Bank allow MTI to pay interest only on its outstanding indebtedness. Honegger agreed to grant MTI's request if Martha LaHood, the mother of the owners of MTI, would pledge her stock in the Bank as additional security for the outstanding loans. In addition, Honegger agreed that when a labor strike at Caterpillar, Inc., ended, the Bank would release Martha's stock and grant MTI a $100,000 line of credit secured by a mortgage on MTI's building. These agreements were not reduced to writing. Thereafter the Bank held Martha's stock, and MTI only paid interest on its outstanding indebtedness. When the strike ended, however, Honegger refused to release the stock and refused to grant MTI the additional line of credit.

MTI also alleged that in April 1992, Dennis LaHood, one of its owners, met with Jean Honegger, a Bank officer. He inquired about obtaining short-term loans to cover checks that had been written on MTI's account at the Bank. Jean promised that the checks would be honored if MTI paid a $15 per check overdraft fee. This agreement was not in writing, and despite the promise, the Bank dishonored the checks. Thereafter, Dennis met with the president of the Bank in July 1992 and advised him that MTI needed to write several checks for which it did not have funds. The president assured Dennis that the checks would be honored, but the Bank selectively dishonored several important checks. This agreement was not reduced to writing. Furthermore, the Bank placed a sign in its window that advised customers that MTI checks would be honored. The plaintiffs complained that the sign conveyed to the public that MTI's credit was not generally acceptable.

The defendants responded to the complaint by filing a motion to

dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1996)), asserting that the claims were barred by the Act because the agreements were not reduced to writing. The trial court agreed and dismissed four of the counts, leaving only the breach of contract and fraud counts. Thereafter, the trial court concluded that the remaining counts were also barred by the Act and granted summary judgment in favor of the defendants. This appeal followed.

## DISCUSSION

The sole issue on appeal is whether MTI's complaint is barred because the agreements upon which the complaint is based are not in writing pursuant to the Illinois Credit Agreements Act.

■ Summary judgment should be granted only when the pleadings, depositions, and affidavits reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bellerive v. Hilton Hotels Corp.*, 245 Ill. App. 3d 933, 615 N.E.2d 858 (1993). The appellate court reviews orders granting summary judgment *de novo*. *Nordness v. Mitek Corp. Surgical Products, Inc.*, 286 Ill. App. 3d 761, 677 N.E.2d 19 (1997). A motion to dismiss admits all facts well pleaded in the plaintiff's complaint. *Village of Riverwoods v. BG Ltd. Partnership*, 276 Ill. App. 3d 720, 658 N.E.2d 1261 (1995). As with summary judgment, this court's review of the dismissal of a complaint is independent of the trial court's judgment. *Lawson v. City of Chicago*, 278 Ill. App. 3d 628, 662 N.E.2d 1377 (1996).

■ In relevant part, the Act provides:
"A debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." 815 ILCS 160/2 (West 1996).

■ Although their complaint is based on several oral credit agreements, the plaintiffs maintain that it is not barred by the Act because they fully performed all of the obligations under the agreements. They contend that full performance, unlike partial performance, should be an exception to the requirement that all agreements must be in writing. While we might agree with the equities of this argument, we decline to adopt this position for two reasons.

First, the Act clearly and unambiguously requires that all agreements be in writing. The plain language of the Act precludes debtors from maintaining an action that relates to a credit agreement unless that agreement is in writing. The Act does not permit any exceptions.

Second, this argument was specifically rejected in *McAloon v. Northwest Bancorp, Inc.*, 274 Ill. App. 3d 758, 654 N.E.2d 1091 (1995), and *First National Bank in Staunton v. McBride Chevrolet, Inc.*, 267 Ill. App. 3d 367, 642 N.E.2d 138 (1994).

In *McAloon*, the court held that because the legislature created the Act as a separate statute instead of amending the existing Frauds Act (740 ILCS 80/1 *et seq.* (West 1992)), it intended to extend the coverage of the Act beyond the Frauds Act. For this reason, the court held that the traditional defenses to the Frauds Act, including equitable estoppel, are inapplicable to the Act. Consequently, the *McAloon* court concluded that the Act bars any claim that is related to an oral credit agreement, without exception. *McAloon*, 274 Ill. App. 3d at 765, 654 N.E.2d at 1095.

In *McBride*, the court emphasized that the Act is broadly worded. The court recognized that the language of the Act was inapposite to the language of the Frauds Act that allowed certain exceptions to the requirement that all agreements be in writing. Based on this recognition, the court held that all claims, defenses or counterclaims raised by the debtor were precluded under the Act if they were based on an oral agreement. *McBride*, 267 Ill. App. 3d at 372, 642 N.E.2d at 142; see also *Whirlpool Financial Corp. v. Sevaux*, 874 F. Supp. 181 (N.D. Ill. 1994) (traditional exceptions to the statute of frauds cannot be raised to counter an action within the scope of the Act). Thus, according to *McBride* and *McAloon*, all actions relying on an oral agreement are barred by the Act.

We reluctantly agree with *McBride* and *McAloon*. Our reluctance stems from our acute awareness that strict application of this statute can easily lead to disastrous consequences in the hands of unscrupulous lenders.

In the instant case, MTI and the Bank entered an oral agreement, and in compliance with that agreement MTI provided the Bank with valuable stock assets. Eventually, MTI recovered those assets. But the Bank could have easily sold the stock. In that event, the Bank would clearly be unjustly enriched, yet a strict construction of the Act would not allow MTI to recover. Such a result is offensive to this court and would offend most of our citizenry as well. Therefore, we urge the legislature to reconsider the harsh language of the Act in light of the numerous potential abuses that may occur.

But this is not a case involving unjust enrichment. This is a case alleging full performance, and MTI is urging this court to create a full performance exception to the Act. This we are not inclined to do. By introducing this Act independent of the Frauds Act, the legislature extended its application beyond the traditional statute of frauds and

the equitable defense of full performance under the Frauds Act. Thus, where no unjust enrichment has occurred, we will apply the statute as written. Accordingly, we hold that MTI's complaint is barred by the Act regardless of its allegations of full performance because the agreements were not in writing.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

LYTTON, P.J., and MICHELA, J., concur.