(No. 60666.—

FREEDING-SKOKIE ROLL-OFF SERVICE, INC., *et al.*, Appellees, v. BETTY HAMILTON, Appellant.

*Opinion filed September 20, 1985.*

Victor J. Piekarski, Susan F. Zwick and Michael Resis, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Leo M. Tarpey, Jr., and Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Robin K. Lewkowicz, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Betty Hamilton, appealed from the judgment of the circuit court of Cook County entered upon a jury verdict in favor of plaintiffs, Freeding-Skokie Roll-Off Service, Inc., and James Harris. The appellate court affirmed in a Rule 23 order (87 Ill. 2d R. 23; 125 Ill. App. 3d 1157), and we allowed defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)).

Plaintiffs brought this action seeking recovery for damages to plaintiff Freeding-Skokie's truck allegedly caused by defendant's negligence. Defendant counterclaimed seeking damages for injuries suffered allegedly as the result of plaintiff Harris' negligence. On January 17, 1980, defendant was driving westbound on Willow Road in North Township and, as she approached the intersection of Old Willow Road intending to make a left turn, she entered the designated left-turn lane. As she turned, her automobile was struck by Freeding-Skokie's truck, which was being driven eastbound on Willow Road by Harris. Defendant suffered retrograde amnesia in the occurrence and was unable to testify to the circumstances surrounding the collision.

Defendant contends that the circuit court erred in admitting, over objection, the opinion testimony of James Harris and a witness that the collision could not have been avoided. During direct examination of plaintiff Harris, the following colloquy ensued:

"Q. [by plaintiff's counsel] Jim, in your opinion, is there any way you could have avoided this accident?

MR. SMITH: Your Honor, I will object to that. That's a matter for the jury to decide.

THE COURT: Overruled. He can answer that question.

A. No, Sir."

During direct examination of an occurrence witness, Thomas McCarty, the following exchange occurred:

"Q. [by plaintiffs' counsel] When that truck, when the car turned in front of the truck, did you have the impression that the truck was so close that the car should never have turned?

MR. SMITH: Your Honor, that's a leading question. I'll object to it.

THE COURT: As to the leading nature of it, I'll sustain.

Q. What, if any, impression did you have with respect to that, sir?

A. My impression was that the driver of the car did not see the truck and turned in front of the truck.

Q. Why do you say that?

A. Just, one would not have made that turn had they seen the truck coming from that distance.

Q. From what you say, sir, as you're sitting there, coming up behind that accident and you see the car turn in front of the truck, was there anything that you saw there, any way that the truck could have avoided that accident, sir?

MR. SMITH: Your Honor, I'll object to that. That's the ultimate issue in the case. That's for the jury to decide.

THE COURT: He doesn't have to put his experience in life on the shelf either. Overruled.

Q. I guess you answered that, right, sir? You said 'no?'

A. I said no.

THE COURT: Your answer is no? Is that your answer?

THE WITNESS: Yes, my answer is no."

In support of her contention that the admission of the testimony was reversible error, defendant argues that, although this court has permitted expression of an opinion by an expert concerning the ultimate issue in the case (see, *e.g., Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118), the circuit and appellate courts erred in approving such testimony by a lay witness. She contends that any suggestion in *Merchants National Bank* that this court intended to permit lay witnesses to testify to the ultimate issue to the same extent as a properly qualified expert witness was dispelled in *Delany v. Badame* (1971), 49 Ill. 2d 168, where the court said, "whether the speed was too fast was an ultimate fact to be determined by the jury." (49 Ill. 2d 168, 178.) Furthermore, she argues, that if this court decides to allow testimony from a layman on an ultimate issue, it should follow the lead of the courts of other States and the Federal courts, which have imposed stringent foundational requirements as a prerequisite to admissibility.

Plaintiffs contend that permitting the lay witnesses to testify to the ultimate issue in the case did not usurp the function of the jury. They argue that the contention that such testimony invades the province of the jury is illogical because whether the opinion is offered in the form of expert or lay testimony, a jury can accept or reject it. They argue that the witnesses were not asked, and they did not state, their general belief as to how the case should be decided or who was at fault; rather, they merely testified as to their impressions from the facts

about which they had personal knowledge. They argue that the rationale of the decisions in *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, and *Tripp v. Bureau Service Co.* (1978), 62 Ill. App. 3d 998, applies equally to nonexpert witnesses and that to permit lay witnesses to testify to the ultimate issue is a natural and logical extension of those decisions.

In *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, the court held that because the trier of fact was not required to accept the opinion of the expert, allowing him to testify to the ultimate issue in the case did not usurp the province of the jury. (49 Ill. 2d 118, 122; see also *Miller v. Pillsbury Co.* (1965), 33 Ill. 2d 514; *Clifford-Jacobs Forging Co. v. Industrial Com.* (1960), 19 Ill. 2d 236.) Although this court has not addressed the question whether a lay witness may offer his opinion on the ultimate issue, numerous decisions of the Federal courts and the courts of sister States have so held. Many of those decisions cite and rely upon Federal Rule of Evidence 704 to support the conclusion that lay opinion testimony is admissible even on the ultimate issue to be decided by the trier of fact. Federal Rule 704 provides:

> "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704.

Relaxation of the proscription of opinions on the ultimate issue has not, however, affected the requirement that to be admissible opinion testimony must be of assistance to the trier of fact. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90.) Simply stated, the rule excludes opinion testimony of a lay witness *"wherever inferences and conclusions can be drawn by the jury as well as by the witness \*\*\*."* (Emphasis in original.) (7 Wigmore, Evidence sec. 1917, at 10 (Chadbourn

rev. ed. 1978).) Consistent with this traditional concept is Rule 701 of the Federal Rules of Evidence, which provides:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." Fed. R. Evid. 701.

Concerning the admissibility of opinion testimony by a lay witness under Rule 701, in *United States v. Jackson* (7th Cir. 1982), 688 F. 2d 1121, the court said:

"Opinion testimony by a lay witness may be admitted under Rule 701 whenever the witness cannot adequately communicate to the jury the facts upon which his or her opinion is based. *United States v. Skeet*, 665 F. 2d 983, 985 (9th Cir. 1982). The theory behind Rule 701 'is that *wherever inference and conclusions can be drawn by the jury as well as by the witness*, the witness is superfluous; . . . a lay opinion is received because and whenever his facts cannot be so told as to make the jury as able as he to draw the inference.' 7 *Wigmore on Evidence* (Chadbourn rev. 1978) sec. 1917.8 at 10 (emphasis in original). Thus, in order to conclude that such testimony is admissible, the court must find that the witness' testimony is based upon his or her personal observation and recollection of concrete facts, *United States v. Skeet, supra* at 985, and that those facts cannot be described in sufficient detail to adequately convey to the jury the substance of the testimony. The Advisory Committee Notes to Rule 701 indicate that direct and cross-examination of the lay witness testifying as to his or her opinion is relied upon to verify the accuracy of the testimony." 688 F. 2d 1121, 1124.

This case involves the comparatively simple question of which of two drivers was negligent, and we fail to perceive in what manner the opinion expressed by plaintiff Harris or the witness was helpful to "a clear under-

standing of his testimony or the determination of a fact in issue." (Fed. R. Evid. 701(b).) There appears to be no reason why either witness could not adequately communicate to the jury the facts upon which his opinion was based. Under the test as enunciated by Professor Wigmore (7 Wigmore, Evidence sec. 1917.8, at 10 (Chadbourn rev. ed. 1978)) and in Rule 701, the opinions here were superfluous and their admission was error.

"Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial." (*Duffy v. Cortesi* (1954), 2 Ill. 2d 511, 517.) The transcript shows that in closing argument plaintiffs' counsel emphasized the opinion testimony, and we are unable to say that the record shows that the error in admitting the testimony was not prejudicial.

For the reasons stated, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Cook County for further proceedings.

*Reversed and remanded.*