Robert E. TAYLOR, Plaintiff–Appellant,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, Defendant–Appellee.

No. 92–4148.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1993.

Decided Oct. 29, 1993.

Laurence C. Acker (argued), Henslee, Monek & Henslee, Patrick J. Harrington, Robert Earl Harrington, Jr., Harrington, Thompson, Acker & Harrington, Jr., Chicago, IL, for plaintiff-appellant.

Paul M. Brown (argued), Robert T. Mills, Coburn & Croft, St. Louis, MO, for defendant-appellee.

Before FLAUM and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In an action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., Robert Taylor ("Taylor") sued his employer, Illinois Central Railroad Company ("Illinois Central"), for injuries he sustained while attempting to board a moving train. He sued Illinois Central for negligence, alleging in part that the ballast Illinois Central used under the tracks was too large and therefore unstable, causing him to fall. A jury found Illinois Central was not negligent in providing a reasonably safe workplace un-

der FELA. Taylor appeals both the district court's exclusion of one of his expert witnesses and two of the district court's jury instructions. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I. BACKGROUND

On March 19, 1988, Taylor was working as a conductor on a train originating in Bluford, Illinois, bound for Mattoon, Illinois. En route, the crew made a stop at a rail yard in Effingham, Illinois to remove and add some rail cars. After the crew had finished their work in Effingham, they broke for lunch. Prior to going to lunch, Taylor decided to put some of his belongings in one of the engine cars. The engineer, D.C. Brubaker, was moving the train away from an automobile intersection at a speed of approximately 7–10 miles per hour when Taylor attempted to board the engine car. Rather than board the train near the intersection, where the ground underneath the tracks was primarily asphalt pavement, Taylor walked approximately 120 feet south of the intersection where the ground underneath the tracks consisted of "mainline" ballast. Mainline ballast is primarily limestone or other rocks, between one and three inches in diameter. While attempting to board the moving train, Taylor stepped up with his right foot but slipped with his left foot. He felt a "pop" in his left leg, and was taken to the hospital where doctors treated him for a broken leg.

Taylor alleged in part that Illinois Central was negligent in not using "yard" ballast, a smaller ballast consisting primarily of rocks one-half to one inch in diameter, in lieu of mainline ballast at the location of his fall, arguing that yard ballast would have provided safer and more stable footing than the larger mainline ballast. In an effort to demonstrate the importance of ballast caliber, Taylor sought to introduce the testimony of R.E. Dipprey ("Dipprey") as an expert witness regarding unsafe ballast conditions. Dipprey had worked for Southern Pacific Transportation Company and one of its subsidiaries for a little over forty-one years. During that time, he had worked as a conductor, brakeman, trainmaster, and a variety of other positions. However, he was not an engineer and had never worked in the Maintenance of Way Department, the department primarily responsible for the construction and maintenance of the tracks and the ballast underneath the tracks. Dipprey's proffered testimony concerned the different ballast sizes and would have stated that Taylor's accident could have been prevented had Illinois Central spread smaller ballast on top of the mainline ballast.

The district court granted Illinois Central's motion to exclude Dipprey's testimony because ballast caliber and its relation to stable footing was within the ordinary juror's lay understanding. Taylor also objected to two jury instructions in which the district court essentially stated that if Taylor was the "sole cause" of his accident, then he should not recover from Illinois Central. The jury found that Illinois Central was not negligent and denied recovery to Taylor.

Taylor filed a motion for judgment as a matter of law and motion for judgment notwithstanding the verdict and if granted, a trial on the issue of damages. The district court denied both motions. Taylor appeals.

## II. ANALYSIS

### A. The Size of Rocks

The district court has broad discretion to admit or exclude expert testimony and we will not disturb its ruling unless it is "manifestly erroneous." *Cella v. United States*, 998 F.2d 418, 422–23 (7th Cir.1993) (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962)). Federal Rule of Evidence 702 states that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." Taylor contends that Dipprey would have testified that smaller caliber yard ballast would have provided safer footing than the larger mainline ballast, and that smaller caliber ballast had been used in other rail systems. This issue, already before the jury in several instances, boils down to whether a pile of large

rocks is harder to stand on than a pile of smaller rocks. Notwithstanding Dipprey's lengthy experience in the railway industry, any lay juror could understand this issue without the assistance of expert testimony. Therefore it was proper for the district court to exclude Dipprey's testimony. *See United States v. Welch,* 945 F.2d 1378, 1382 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1235, 117 L.Ed.2d 469 (1992).

■ Taylor argues further that Dipprey's testimony about other locations using smaller ballast would have proven there was a safer alternative. However, proof of a safer alternative is not necessarily proof of negligence—Illinois Central could have provided a reasonably safe workplace notwithstanding the fact that safer workplace alternatives exist. *See, e.g., Stillman v. Norfolk & Western Ry. Co.,* 811 F.2d 834, 838 (4th Cir.1987). Therefore, Dipprey's testimony about other alternatives would have been superfluous to the evidence already present which demonstrated that larger rocks provided less stable footing that smaller rocks and alleged that Illinois Central was negligent in failing to provide a reasonably safe workplace. Because the expert testimony was both unnecessary for lay jurors and cumulative, the district court correctly excluded Mr. Dipprey's testimony.

### B. The "Sole Cause" Instruction

■ Taylor also argues that the district court erred when it included jury instructions 17 and 25. Jury instructions "should be construed in their entirety, not in isolation; and reversal is mandated only 'if the jury's comprehension of the issues is so misguided that a litigant is prejudiced.'" *See Littlefield v. McGuffey,* 954 F.2d 1337, 1344 (7th Cir.1992) (citing *Goldman v. Fadell,* 844 F.2d 1297, 1302 (7th Cir.1988); *see also Stachniak v. Hayes,* 989 F.2d 914, 920 (7th Cir.1993). Instructions 17 and 25 provided in relevant part:

The defendant ... claims that the sole cause of any injuries the plaintiff allegedly sustained was the plaintiff's own negligent conduct....

If you find that the plaintiff was negligent and that such negligence was the sole

cause of any injuries the plaintiff may have sustained, then you are to return a verdict for the defendant.

Taylor contends that the instructions' emphasis on "sole cause" improperly misdirected the jurors' focus from the conduct of the defendant to the conduct of the plaintiff, thereby confusing them as to whose actions were really at issue. However, if the sole cause of Taylor's injuries was his own negligence, then under FELA the jury is not permitted to hold Illinois Central liable. *See Southern Ry. Co. v. Youngblood,* 286 U.S. 313, 317, 52 S.Ct. 518, 519, 76 L.Ed. 1124 (1932). Moreover, instruction 16, to which Taylor did not object, reads in relevant part:

Contributory negligence on the part of the injured employee shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

In addition, instruction 14 reads:

When I use the expression "contributory negligence," I mean negligence on the part of the plaintiff that contributed in whole or in part to the alleged injury.

Finally, instruction 31 reads:

If you find that plaintiff's injury was caused by a combination of negligence of the defendant and contributory negligence of the plaintiff, you must determine the amount of damages to be awarded by you ... as follows:

First: Determine the total amount of damages to which the plaintiff would be entitled under the court's instructions if the plaintiff had not been contributorily negligent.

Second: Assume that 100% represents the total combined negligence of all persons whose negligence contributed in whole or in part to the plaintiff's injury, including the plaintiff and defendant. Determine the percentage of such negligence attributable solely to the plaintiff.

Third: Reduce the total amount of the plaintiff's damages by the proportion or percentage of negligence attributable solely to the plaintiff.

The resulting amount, after making such reduction, will be the amount of your verdict.

When read as a whole, instructions 17 and 25 essentially supplement and clarify instructions 14, 16 and 31. If Taylor caused 100% of his own injuries, or, in other words, he was the "sole cause" of his injuries, then Illinois Central obviously caused none of plaintiff's injuries, and therefore could not be liable. Taylor's reference to numerous cases which hold that "proximate cause" instructions are inappropriate is unavailing. "Sole cause" is distinct and different from "sole proximate cause." As the Eighth Circuit stated, "[p]roximate cause and sole cause are plainly different. There may be several causes where there is one that is proximate. But, sole cause is clear in itself." *Meyers v. Union P.R. Co.*, 738 F.2d 328, 331 (8th Cir. 1984). If the plaintiff is the sole cause of his injuries, there can be no other cause and the defendant is absolved of responsibility.

The sole cause instructions were consistent with the other instructions and were not so confusing to the jury that Taylor was prejudiced. Therefore, the district court did not err by including jury instructions 17 and 25.

### III. CONCLUSION

For the foregoing reasons, we find that the district court did not err in denying Taylor's post-trial motions and therefore AFFIRM the district court.

AFFIRMED.