NOTICE
Decision filed 01/13/16. The
text of this decision may be
changed or corrected prior to
the filing of a Peti ion for
Rehearing or the disposition of
the same.

2016 IL App (5th) 140461

NO. 5-14-0461

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| CHRISTOPHER WARDWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 10-L-106 |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Honorable |
| | ) | Vincent J. Lopinot, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justice Stewart concurred in the judgment and opinion.
Justice Moore dissented, with opinion.

**OPINION**

¶ 1     This appeal is taken from the trial court's denial of plaintiff Christopher

Wardwell's posttrial motions following a jury verdict in favor of defendant, Union Pacific

Railroad Company.  The trial court permitted defendant to present evidence that a

nonrailroad third party was the sole cause of injuries plaintiff sustained in a motor vehicle

accident while riding as a passenger in a vehicle owned and operated by defendant.

Plaintiff was an employee of defendant at the time of the accident, and brought an action

against defendant under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et*

1

*seq.* (2006)). For the reasons stated below, we reverse and remand this cause for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     Plaintiff was hired by defendant on September 11, 2006, and worked as a switchman, brakeman, and conductor on freight trains until the date of the accident in question. The details of the accident are as follows.

¶ 4     At approximately 5:16 a.m. on August 9, 2008, plaintiff suffered a severe back injury in a two-car collision while riding as a passenger in defendant's van being driven by Regeania Goodwin (Goodwin), a professional driver hired by defendant to transport plaintiff and two coworkers from defendant's railway yard to a train owned by defendant. Goodwin was rear-ended by a vehicle operated by Erin Behnken (Behnken). It has been stipulated that Goodwin was the agent of defendant, and that defendant was responsible for Goodwin's conduct concerning the accident. It has also been stipulated that Behnken was intoxicated at the time of the accident, and had admittedly "blacked out" or had fallen asleep at the wheel immediately prior to the collision. As a result of the accident, plaintiff can no longer perform the job duties that he could prior to the collision, and is currently employed by defendant as a security guard at a significant wage reduction.

¶ 5     Plaintiff brought an action against defendant under FELA based on the negligent acts of defendant's driver. 45 U.S.C. § 51 *et seq.* (2006). A jury trial was held from November 18 through 23, 2013. At trial, defendant argued and presented evidence that the sole cause of the accident was the negligence of Behnken, who admittedly operated

2

the vehicle that rear-ended defendant's van while intoxicated. Plaintiff subsequently filed two motions *in limine* to exclude this evidence and argument, asserting FELA does not permit a sole-cause defense based on a nonrailroad third party's negligence. The trial court denied plaintiff's motions *in limine* and permitted defendant's sole-cause defense.

¶ 6    The accident itself occurred in the right-hand lane of southbound Route 3 near Columbia, Illinois, which is formed by the merger of the left lane from southbound I-255, the location where defendant's van was traveling, and the right lane of eastbound I-255, the location where Behnken's vehicle was traveling. There was a dispute at trial as to how long the van was in the right lane before it was rear-ended by Behnken's vehicle.

¶ 7    Goodwin testified that prior to the accident while driving defendant's van in the left-hand lane on Route 3, she looked for vehicles in the right-hand lane, waited for a truck to pass her in the right-hand lane, activated her turn signal, checked her side mirror, and confirmed there was no vehicle in the right lane before moving the van from the left lane into the right lane. While the forms Goodwin filled out at the scene of the accident indicate she was driving the van in the right lane for over two minutes before the accident occurred, Goodwin testified at trial that she was driving in the right lane for only 20 seconds prior to the collision. In contrast, plaintiff testified the van was only in the right lane for one or two seconds before impact. The length of time the van was in the right lane before impact was relevant to defendant's negligence concerning the accident.

¶ 8    Goodwin's training as a professional driver was also discussed at trial. At the time of the collision, Goodwin was employed by PTI, a van company that defendant

3

contracted with to transport its employees to and from its trains and rail yards. Goodwin received her professional training through the Smith System, which required that Goodwin check her mirrors every five to eight seconds and keep a 360-degree level of awareness of her vehicle. Goodwin was further trained through the SMOG technique for changing lanes, which required her to (1) signal first, (2) look in her mirrors, (3) look over her shoulder to check her blind spot, and (4) change lanes only when it is safe to do so. As previously stated, it was stipulated at trial that Goodwin was an agent of defendant and defendant was responsible for Goodwin's conduct concerning the collision.

¶ 9 The jury returned a verdict in favor of defendant and against plaintiff. On December 16, 2013, plaintiff filed motions for judgment notwithstanding the verdict and to vacate the jury verdict or for a new trial on all issues, and a memorandum of law in support thereof. Similar to his motions *in limine* which were denied, plaintiff asserted FELA prohibits defendant from presenting a sole-cause defense based on the negligence of a nonrailroad third party. The trial court denied plaintiff's posttrial motions. On September 18, 2014, plaintiff timely filed a notice of appeal.

¶ 10                                        ANALYSIS

¶ 11 The first issue raised by plaintiff on appeal alleges the trial court abused its discretion in denying his motion for a new trial because defendant did not have the right to introduce evidence and argument that a nonrailroad third-party driver was the sole cause of the accident in question. For the following reasons, we agree with plaintiff and reverse and remand this cause for further proceedings.

4

¶ 12    The standard for determining whether a trial court erred in denying a motion for a new trial is whether the jury's verdict was against the manifest weight of the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454, 603 N.E.2d 508, 512 (1992). A verdict is against the manifest weight of the evidence where the opposite conclusion is readily apparent or where the findings of the jury are unreasonable, arbitrary, and not based upon any of the evidence. *Maple*, 151 Ill. 2d at 454, 603 N.E.2d at 512-13. A trial court's decision to grant or deny a motion for a new trial is generally given great deference. *Reidelberger v. Highland Body Shop, Inc.*, 83 Ill. 2d 545, 548, 416 N.E.2d 268, 270 (1981). Therefore, a trial court's ruling on a motion for a new trial will not be reversed except in those instances where it is affirmatively shown that it clearly abused its discretion. *Maple*, 151 Ill. 2d at 455, 603 N.E.2d at 513.

¶ 13    In the instant case, plaintiff's cause of action against defendant alleged negligence under FELA (45 U.S.C. § 51 *et seq.* (2006)). Under FELA, railroad companies are liable in damages to any employee who suffers injury due to the railroad's negligence. As a general matter, FELA actions adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. *St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 411 (1985).

¶ 14    In a FELA action, an injured railroad employee can recover all of his damages from his employer if the employer's negligence caused any part of the employee's injury, regardless of whether the injury was also caused in part by the actions of a third party. *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 165-66 (2003). The statutory

5

language supports the understanding that FELA does not provide for the apportionment of damages between railroad and nonrailroad causes:

> "Every common carrier by railroad while engaging in commerce *** shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce *** for such injury *** resulting in whole or in part from the negligence of *** such carrier ***." 45 U.S.C. § 51 (2006).

Because FELA's express terms allow a worker to recover his entire damages from a railroad whose negligence jointly caused an injury, the burden of seeking contribution from other potential tortfeasors is placed on the railroad. *Ayers*, 538 U.S. at 141.

¶ 15 Furthermore, where a jury could reasonably conclude that the defendant's negligence contributed to the plaintiff's injury, it does not matter that, from the evidence adduced at trial, the jury could also reasonably attribute the plaintiff's injury to a third party's negligence. "[T]he test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957). The fact that a number of factors may have contributed to an injury is irrelevant so long as one cause may be attributable to the railroad's negligence. *Coffey v. Northeast Illinois Regional Commuter R.R. Corp.*, 479 F.3d 472, 476 (7th Cir. 2007). Therefore, if negligence is proven and is shown to have played any part in producing the injury, the railroad is liable in damages even if the extent of the injury or the manner in which it occurred was not probable or foreseeable. *CSX Transportation, Inc. v. McBride*, 564 U.S. __, __, 131 S. Ct. 2630, 2641 (2011).

6

¶ 16    In the case at bar, plaintiff presented a significant amount of evidence of defendant's negligence concerning its driver in the collision.   Specifically, Goodwin admitted that she failed to comply with the training she underwent through the Smith System for her employment as a professional driver:

"Q. [by plaintiff's counsel:] Look at the Smith System if you would, again exhibit 6 and I'd like you to look at 6.13.  And this is again how you were trained, correct?

A. Yes.

Q. And it says here they want you to use the SMOG technique, S-M-O-G, correct?

A. Yes sir.

Q. And that's an acronym, you know what an acronym is, it's like the short letters?

A. Yes sir.

Q. So the first thing is to signal and you did that, correct?

A. Yes.

Q. And the second thing here says to look at your mirrors, mirrors plural, correct?

A. Yes.

Q. And you agree you didn't look in your rearview mirror, correct?

A. Correct.

***

7

Q. Okay. But in this case you agree you were taught to look over your shoulder and make sure to check your blind spot before you pull over, correct?

A. Yes sir.

Q. And you didn't do that that day?

A. No sir, I made a judgment call at that point."

¶ 17 From Goodwin's admission of her noncompliance with her professional training immediately prior to the collision, we find plaintiff produced circumstantial evidence of defendant's negligence. Specifically, Goodwin admitted that she failed to check her rearview mirror and failed to look over her right shoulder to check her blind spot prior to changing lanes just before the collision occurred.

¶ 18 In an FELA action, our determination is narrowly limited to the single inquiry of whether the conclusion may reasonably be drawn that the employer's negligence played any part at all in the injury. *Rogers*, 352 U.S. at 506-07. The employee's burden is met when proof is adduced, even though entirely circumstantial, from which a jury may reasonably make this inference. *Rogers*, 352 U.S. at 508. Here, we find sufficient evidence was produced from which a jury could have reasonably drawn the inference that defendant was negligent and a cause, at least in part, of plaintiff's injuries. Therefore, plaintiff has met his burden under FELA.

¶ 19 It is important to reiterate that employers such as defendant, who are subject to FELA, have a duty to provide a reasonably safe work place, and an injured railroad employee can recover all of his or her damages from the employer if the employer's negligence caused any part of the employee's injury. *Ayers*, 538 U.S. at 141. Therefore,

8

any evidence whose only relevance is to apportion culpability between the employer and other causes is improper. *Ayers*, 538 U.S. at 159-60.

¶ 20    Given our determination that the jury could have reasonably concluded that defendant was negligent, at least in part, regarding the collision in question, we find the trial court erred in permitting defendant's sole-cause defense. A nonrailroad third party's alleged negligence is inadmissible when evidence is presented, albeit entirely circumstantial, that the railroad contributed to the injury. *Ayers*, 538 U.S. at 161. Here, plaintiff has met this burden. Accordingly, we reverse and remand this cause for further proceedings with directions to prohibit defendant's sole-cause defense under FELA.

¶ 21    Plaintiff further alleges the trial court abused its discretion in instructing the jury with defendant's instruction No. 3 because a sole-cause affirmative defense based upon the negligent acts of a nonrailroad third party is not a correct statement of law under FELA. Plaintiff also contends the trial court abused its discretion in refusing to instruct the jury with plaintiff's tendered instruction Nos. 8, 24, 25, and 26, which plaintiff asserts correctly state the law under FELA. Because we reverse and remand this cause for further proceedings for the foregoing reason, we need not address these issues.

¶ 22    Finally, plaintiff argues the trial court abused its discretion in permitting defendant to introduce certain evidence at trial, including lay witness opinions concerning Behnken's fault, evidence that plaintiff's medical insurance paid for his treatment, and evidence concerning Behnken's consumption of alcohol on the date of the accident. We again reiterate that because we reverse and remand this cause for further proceedings, we

9

need not address these issues. However, since the issue of the admissibility of the lay witness testimony and opinion will likely arise on remand, we provide applicable guidance which we consider appropriate.

¶ 23    The admission of evidence falls within the discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *Ayala v. Murad*, 367 Ill. App. 3d 591, 602, 855 N.E.2d 261, 271-72 (2006). A lay witness may express an opinion based on personal observations when it is difficult or impossible to convey to the jury the totality of the conditions perceived, and the opinion is one that people are generally capable of and accustomed to making and understanding. *Zoerner v. Iwan*, 250 Ill. App. 3d 576, 580, 619 N.E.2d 892, 897 (1993).

¶ 24    In the instant case, Bruno Schmidt (Schmidt) was called to testify on behalf of plaintiff. Schmidt indicated that he had obtained a Ph.D. in physics, had performed consulting work in the area of accident reconstruction over the last 20-plus years, and had been hired by plaintiff to perform certain work concerning the accident at issue. Specifically, Schmidt testified that he was asked to look at the motion of the van as it was traveling from the time plaintiff was picked up until the van was rear-ended. Schmidt further testified that plaintiff's counsel had given him and he had reviewed reports completed by the four occupants of the van, the deposition transcripts of the four occupants, and the police report of the accident.

¶ 25    The testimony plaintiff claims the court erred in permitting occurred during defendant counsel's cross-examination of Schmidt:

10

"Q. [Attorney for defendant:] Right. And, as a matter of fact, you, as part of the materials that [plaintiff's counsel] gave you when he first hired you in this case, he gave you the accident reports of every one of the occupants of the van, the three passengers; correct?

A. I believe that's right, yes.

Q. And every one of them said that the sole cause of this accident was−

[Attorney for plaintiff:] I'm going to object, your Honor. That calls for improper testimony, invades the province of the jury as to what caused−

THE COURT: Overruled. The witness can answer if he knows.

[Attorney for defendant:] They all indicated the cause was the drunk driver rear-ended the van; correct.

A. The collision was when the rear car rear-ended the van, yes.

Q. And they didn't indicate that the driver of the van did anything wrong; right?

A. I don't recall that they did say that, no."

¶ 26 Plaintiff alleges the term "sole cause" and the phrase "the cause was the drunk driver" constitute opinion testimony of laypersons that the trial court improperly permitted. Plaintiff contends the trial court abused its discretion when it allowed this line of inquiry, as lay opinion testimony concerning causation is prohibited.

¶ 27 On remand, the trial court should note that lay opinion testimony is admissible even on the ultimate issue to be decided by the trier of fact. As Illinois Rule of Evidence 704 indicates:

11

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Ill. R. Evid. 704 (eff. Jan. 1, 2011).

¶ 28 However, while lay opinion testimony is permitted as to the ultimate issue, it must also be of assistance to the trier of fact to be admissible. The rule excludes opinion testimony of a lay witness wherever inferences and conclusions can be made by the jury as well as by the witness. Illinois Rule of Evidence 701 states the following:

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Ill. R. Evid. 701 (eff. Jan. 1, 2011).

¶ 29 We further note that on cross-examination, counsel may probe an expert witness's qualifications, experience and sincerity, the weaknesses in the basis of his opinions, the sufficiency of his assumptions, and the general soundness of his opinion. *Halleck v. Coastal Building Maintenance Co.*, 269 Ill. App. 3d 887, 897, 647 N.E.2d 618, 627 (1995). An expert may also be cross-examined on material he reviews, but from which he did not ultimately rely. *Halleck*, 269 Ill. App. 3d at 897, 647 N.E.2d at 627. A trial court's determination regarding the scope of cross-examination will not be disturbed on appeal absent an abuse of discretion. *Halleck*, 269 Ill. App. 3d at 897-98, 647 N.E.2d at 627.

¶ 30    In support of his argument that the admission of lay opinion testimony concerning causation constitutes reversible error, plaintiff cites to *Freeding-Skokie Roll-Off Service, Inc. v. Hamilton*, 108 Ill. 2d 217, 483 N.E.2d 524 (1985). *Freeding-Skokie Roll-Off Service, Inc.* involved a truck owner and driver who brought an action against an automobile driver to recover damages sustained in an automobile collision. The issue presented to our supreme court was whether the trial court erred in admitting, over objection, the opinion testimony of the plaintiff and a witness that the collision could not have been avoided. *Freeding-Skokie Roll-Off Service, Inc.*, 108 Ill. 2d at 219, 483 N.E.2d at 525. The supreme court held that such lay witness opinion testimony was superfluous, and its admission in an action arising out of the collision at issue was reversible error. *Freeding-Skokie Roll-Off Service, Inc.*, 108 Ill. 2d at 223, 483 N.E.2d at 527.

¶ 31    We distinguish *Freeding-Skokie Roll-Off Service, Inc.* from the instant case. Unlike *Freeding-Skokie Roll-Off Service, Inc.*, the lay opinion evidence plaintiff alleges was improperly permitted was deposition testimony and testimony contained within the police report from which plaintiff's own expert witness relied upon in forming his opinion. The passengers themselves did not testify at trial.

¶ 32    Since this case involves the question of who was negligent regarding the collision, the trial court will need to weigh whether the opinion expressed by the passengers through deposition testimony and accident reports was helpful to a clear understanding to the determination of a fact in issue. The trial court should note that this testimony was elicited from plaintiff's expert witness, Schmidt, during defendant counsel's cross-examination of Schmidt regarding the reports and transcripts of the passengers present in

13

the van with plaintiff at the time of the collision. We reiterate that the passengers themselves did not testify. Rather, Schmidt testified that he relied on the deposition testimony and reports of the eyewitness accounts to form his opinions in this matter.

¶ 33                                  CONCLUSION

¶ 34    For the reasons stated herein, the judgment of the circuit court of St. Clair County is reversed and the cause is remanded for further proceedings.

¶ 35    Reversed and remanded.

¶ 36    JUSTICE MOORE, dissenting.

¶ 37    I respectfully dissent, and would affirm the jury's verdict. My review of the record and applicable case law reveals that the jury was properly instructed in accordance with the standards for liability set forth in the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2006)) and that the evidence was sufficient to sustain the jury's verdict. FELA provides that a common carrier is liable in damages to any person suffering injury while employed by such carrier if such injury *results in whole or in part* from the negligence of such carrier. 45 U.S.C. § 51 (2006). Accordingly, in *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 160 (2003), the Supreme Court held that if a plaintiff's injury was caused, at least in part, by the defendant railroad, then the railroad is responsible for 100% of the plaintiff's damages, regardless of whether third parties are partially at fault. In other words, FELA does not permit apportionment of damages

14

between railroad and nonrailroad causes. *Id.* There is a stark difference, however, between apportioning fault between joint tortfeasors and finding no liability on the part of a defendant because another actor was the *sole* cause of the injury. I find nothing in the law that stands for the proposition set forth by the majority, that the mere production of testimony that could be construed by a jury as evidence of the negligence of the railroad precludes the railroad from putting forth additional evidence in the case, and a jury from considering, that a third party was the sole cause of the injury. Such a holding compromises the role of the jury in FELA cases.

¶ 38    The majority cites *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 508 (1957), for the proposition that if this court, on review, finds that the employee has produced evidence from which a jury could reasonably infer that the defendant was negligent and was a cause, at least in part, of the plaintiff's injuries, it is reversible error for the circuit court to allow the defendant to introduce evidence that another party was the sole cause of the injury. *Supra ¶* 18. I do not read *Rogers* to stand for this proposition. To the contrary, the standard discussed in *Rogers* was employed to determine whether a jury question was presented. The *Rogers* standard was not used in the manner employed by the majority, to take the causation question out of the province of the jury entirely. See *Inman v. Baltimore & Ohio R.R. Co.*, 361 U.S. 138, 140 (1959) (citing *Rogers* and determining that no jury question was presented as to the railroad's negligence where the plaintiff was hit by a drunk driver while working at a crossing and there was no evidence of prior accidents or conditions at the crossing that would have contributed to cause the accident).

15

¶ 39    In *Rogers*, the Supreme Court held that the lower court should not have disturbed a jury verdict in favor of the injured railroad worker.  352 U.S. at 505.  According to the *Rogers* Court, when there is evidence in the record that supports the verdict, the decision is exclusively for the jury to make.  *Id.*  The *Rogers* Court did not prohibit the jury from considering evidence that the petitioner was the sole cause of the accident.  In fact, the Court found that the jury was properly instructed to return a verdict in favor of the defendant railroad if it found that the negligence of the petitioner was the sole cause of the accident.  *Id.*  The jury in *Rogers* found that the petitioner was not the sole cause of the accident, and the Supreme Court found that it was the jury's province to so decide.  *Id.*  The *Rogers* Court stringently emphasized that the decision on causation is for the jury to make.  *Id.*

¶ 40    In this case, as the majority discusses, there was evidence that the railroad's van driver failed to check her mirrors with the frequency that she was taught, and so a jury question was presented under the standard enunciated in *Rogers*.  However, there was conflicting evidence before the jury as to how long the van had been in its lane before it was struck from behind.  Some evidence was presented to the jury that the van had changed lanes as long as 20 seconds prior to the crash.  If the jury concluded, as I believe it did, that this was the case, then any purported negligence on the part of the van driver regarding the manner in which she changed lanes could not have been a cause, even in part, of the accident. Accordingly, unlike *Rogers*, after considering all of the evidence in this case, the jury found that the drunk driver that rear-ended the van was the sole cause of the plaintiff's injury, and, as such, the injury did not result, in whole or in part, from

16

the negligence of the railroad. This is the standard set forth for liability under FELA, and to hold that evidence that a third party was the sole cause of an injury is inadmissible would eviscerate the standard in FELA that the railroad be a cause, at least in part, of the accident.

¶ 41 In fact, I believe that the Supreme Court's decision in *Inman* makes it clear that evidence that a third party was the sole cause of the accident must be considered in determining whether the plaintiff can establish a cause of action under FELA. 361 U.S. 138. In *Inman*, the jury had before it evidence that a drunk driver hit the plaintiff as he was working at a railroad crossing. *Id.* at 138. Nevertheless, the jury found that the railroad was a cause, in part, of the accident because it did not afford the plaintiff enough protection. *Id.* at 139. The Supreme Court affirmed the lower court's reversal of the jury verdict based on a lack of evidence that anything the railroad did contributed to cause the accident. *Id.* at 140. One simply cannot make a factual determination as to whether the railroad was a cause, at least in part, of the accident if one does not consider all of the circumstances surrounding the occurrence, including whether another party was the sole cause. I believe *Inman* demonstrates this point.

¶ 42 Once the jury resolved the contested issue of how long the van was in its lane before it was rear-ended, I find plenty of evidence in the record to support the jury's conclusion that the van driver did not cause the injury, even in part. The plaintiff himself reported to the police and to the defendant that the cause of the accident was that a drunk driver rear-ended the vehicle in which he was riding. The plaintiff testified that there was nothing defective or wrong with the van itself that could have contributed to his injury.

17

He testified that the driver for the railroad was alert and attentive, she obeyed the speed limit, and he never saw the driver violating any rules of the road.

¶ 43 Again, there was conflicting evidence as to how long after the van changed lanes that it was hit from behind. These are the types of conflicts that the jury was empanelled to resolve (*Rogers*, 352 U.S. at 509), and the jury in this case resolved them in favor of the railroad. I find no basis to disturb the jury's determination that any alleged negligence on the part of an agent of the railroad was not a cause of the plaintiff's injury. In addition, I find that the evidentiary errors set forth by the plaintiff either were not an abuse of discretion or did not have a prejudicial effect on the verdict. For these reasons, I would affirm.

2016 IL App (5th) 140461

NO. 5-14-0461

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER WARDWELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 10-L-106 |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Honorable |
| | ) | Vincent J. Lopinot, |
| Defendant-Appellee. | ) | Judge, presiding. |

---

**Opinion Filed:**     January 13, 2016

---

**Justices:**     Honorable Richard P. Goldenhersh, J.

Honorable Bruce D. Stewart, J., concurred
Honorable James R. Moore, J., dissented

---

**Attorney
for
Appellant**

Mark P. Dupont, Attorney at Law, 443 Osborn Avenue, Suite 105, Bigfork, MT 59911

---

**Attorneys
for
Appellee**

Thomas E. Jones, Harlan A. Harla, Thompson Coburn LLP, 525 West Main Street, P.O. Box 750, Belleville, IL 62222-0750

---