# Illinois Official Reports

## Supreme Court

<div style="border:box">

### *Wardwell v. Union Pacific R.R. Co.*, 2017 IL 120438

</div>

| | |
|---|---|
| Caption in Supreme Court: | CHRISTOPHER WARDWELL, Appellee, v. UNION PACIFIC RAILROAD COMPANY, Appellant. |
| Docket No. | 120438 |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of St. Clair County, the Hon. Vincent J. Lopinot, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Circuit court judgment affirmed. |
| Counsel on Appeal | Thompson Coburn LLP, of Chicago (Thomas E. Jones and Crystal M. Campbell, of counsel), for appellant. |
| | Mark P. Dupont, of Bigfork, Montana, for appellee. |
| | Robert E. Harrington III, of Harrington, Thompson, Acker & Harrington, Ltd., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association. |

Justices                  JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Freeman, Thomas, Garman, and Theis concurred in the judgment and opinion.

Justice Kilbride specially concurred, with opinion.

**OPINION**

At issue in this appeal is whether, in an action brought under the Federal Employers' Liability Act (45 U.S.C. § 51 *et seq.* (2006)), a defendant railroad may argue to the jury that a third party was the only person whose negligent conduct caused the plaintiff's injuries. For the reasons that follow, we hold that it may.

BACKGROUND

In 2008, the plaintiff, Christopher Wardwell, was employed by the defendant, Union Pacific Railroad Company, as a switchman, brakeman, and conductor on freight trains. On August 9, 2008, plaintiff and another employee were riding in a van owned by defendant, going from a railway yard near East St. Louis to one of defendant's trains farther south. The van was being driven by defendant's agent, Regina Goodwin. While the van was heading south in the right lane of Illinois Route 3, it was rear-ended by a vehicle driven by Erin Behnken. Plaintiff suffered a severe back injury in the accident and is no longer able to perform his job duties. He is currently employed by defendant as a security guard at significantly reduced wages.

Plaintiff brought the instant action against defendant under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2006)), alleging that Goodwin had negligently cut in front of Behnken and that Goodwin's negligence was a cause of the accident. The matter proceeded to trial before a jury in St. Clair County circuit court.

At trial, evidence was presented that, in the early morning hours of August 9, 2008, Goodwin was driving defendant's van in the left lane of Route 3, with plaintiff and another employee as passengers. After letting a truck-trailer combination go ahead of her on the right, Goodwin activated her turn signal, checked her side mirror, confirmed there was no other vehicle on her right, and then made a lane change to the right lane. At the time she made the lane change, Goodwin was not speeding or violating any traffic laws. None of the occupants of the van saw any car or any car's headlights in the right lane prior to the collision.

Approximately 20 seconds after making the lane change, defendant's van was struck from behind by a vehicle driven by Behnken. At trial, Behnken testified that she was drunk at the time of the collision, that she was arrested at the scene of the accident for driving under the influence, and that she was found to be legally intoxicated two hours later when she took a breath test. Behnken stated that she did not see the van before she hit it and that she either "fell asleep or was blacked out" prior to the collision. She did not know if she had her headlights on. Further evidence indicated that Behnken was travelling 60 to 65 miles per hour, which was 10 to 15 miles per hour over the posted speed limit. The jury, after hearing this evidence, returned a verdict in favor of defendant.

¶ 7    Thereafter, plaintiff filed a motion for a new trial. In this motion, plaintiff alleged that defendant had improperly been allowed to argue to the jury that the sole cause of his injuries was the negligent conduct of Behnken. According to plaintiff, this "sole-cause defense" was not permissible in a FELA action. The circuit court denied plaintiff's motion.

¶ 8    A divided appellate court reversed and remanded. 2016 IL App (5th) 140461. A majority of the appellate court held that the FELA does not allow a defendant railroad to argue that a third-party's negligent conduct was the sole cause of the employee's injuries. Justice Moore, dissenting, would have held that the jury properly determined the railroad was not a cause of the accident.

¶ 9    We granted defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015).

¶ 10                                    ANALYSIS

¶ 11    Plaintiff's principal contention on appeal is that the circuit court erred in denying his motion for a new trial. " '[O]n a motion for a new trial a court will weigh the evidence and set aside the verdict and order a new trial if the verdict is contrary to the manifest weight of the evidence.' " *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992) (quoting *Mizowek v. De Franco*, 64 Ill. 2d 303, 310 (1976)). A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary, and not based upon any of the evidence. *Id.* A circuit court's ruling on a motion for a new trial is afforded considerable deference and will only be reversed in those instances where it is affirmatively shown that the court clearly abused its discretion. *Id.* at 455.

¶ 12    Enacted in 1908, the FELA is the exclusive means by which railroad employees can recover for injuries against their employers. The FELA provides, in relevant part, that "[e]very common carrier by railroad while engaging in commerce *** shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce *** for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51 (2006). In order to recover damages under the FELA, a plaintiff must show that the railroad was engaged in interstate commerce, that the plaintiff was an employee in interstate commerce acting in the scope of his employment, that his employer was negligent, and that his injury resulted "in whole or in part" from his employer's negligence. *Id.*; see, *e.g.*, *Myers v. Illinois Central R.R. Co.*, 629 F.3d 639, 642 (7th Cir. 2010) ("[A]n employee must prove that the railroad was negligent and that the railroad's negligence caused the injury at issue.").

¶ 13    Although the FELA follows a general tort law framework, the statute does not incorporate the various formulations of "proximate cause" found in nonstatutory common-law actions.[1] *CSX Transportation, Inc. v. McBride*, 564 U.S. 685 (2011). In this context,

> "[t]he *term* 'proximate cause' is shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability. See W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 42, p. 273 (5th ed. 1984) (hereinafter Prosser and Keeton). 'What we . . . mean by the word "proximate," ' one

---

[1]Illinois cases generally use the term "proximate cause" to refer to both "cause in fact" and "legal cause." See, *e.g.*, *Turcios v. The DeBruler Co.*, 2015 IL 117962, ¶ 23. In FELA cases, the United States Supreme Court's use of "proximate cause" is synonymous with "legal cause."

noted jurist has explained, is simply this: '[B]ecause of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point.' *Palsgraf v. Long Island R. Co.*, 248 N. Y. 339, 352, 162 N. E. 99, 103 (1928) (Andrews, J., dissenting)." (Emphasis in original.) *CSX Transportation*, 564 U.S. at 692-93.

¶ 14    Thus, while a plaintiff in a FELA action must establish that a defendant's negligent conduct was a cause in fact of his injuries, he need not establish the "foreseeability" or "probability" of the injury that might be required at common law under the doctrine of "proximate cause." *Id.* at 703-04. Instead, the test "is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957). Causation issues are generally to be left to the jury, which can use its " 'common sense' " in reviewing the evidence to avoid awarding damages in "far out 'but for' scenarios." *CSX Transportation*, 564 U.S. at 704.

¶ 15    In this case, the jury was given instructions that correctly incorporated the FELA statutory standard on causation. Having heard the evidence, the jury returned a verdict in favor of defendant. The appellate court concluded, however, that the verdict had to be set aside because defendant was permitted to argue to the jury that the only person whose negligent conduct played a causal role in plaintiff's injuries was Behnken. We disagree.

¶ 16    The jury cannot make a factual determination regarding whether the defendant railroad was at least "in part" a cause of the accident, as FELA requires, if it is not allowed to consider all of the circumstances surrounding the accident, including whether another party's negligent conduct was the only negligent conduct that caused the accident. In this case, for example, Goodwin testified to the jury that she changed lanes as much as 20 seconds before the collision. Although there was conflicting evidence on this point, the jury was entitled to accept Goodwin's testimony. Based on this testimony, the jury could readily have concluded that any negligence on Goodwin's part, such as not checking her blind spot before changing lanes, did not play any part in causing plaintiff's injuries, not "even the slightest" (*Rogers*, 352 U.S. at 506). Instead, the only party whose negligent conduct caused the accident was Behnken. To hold that the jury could not even consider the role that Behnken's negligent conduct played in the accident would render the events surrounding the accident incomprehensible to the jury and, as Justice Moore noted in dissent below, "would eviscerate the standard in FELA that the railroad be a cause, at least in part, of the accident." 2016 IL App (5th) 140461, ¶ 40 (Moore, J., dissenting).

¶ 17    We note, too, that other courts, including the Supreme Court, have repeatedly held that, in FELA actions, the plaintiff cannot recover if his own negligence was the sole cause of his accident. *Rogers*, 352 U.S. at 504-05 (the jury was instructed to return a verdict for the respondent if it was found that negligence of the petitioner was the sole cause of his mishap); *Taylor v. Illinois Central R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) (citing *Southern Ry. Co. v. Youngblood*, 286 U.S. 313, 317 (1932)). We can discern no basis for, on the one hand, denying a finding of liability when the plaintiff is the sole cause of the accident but, on the other hand, allowing a finding of liability when a third party is the sole cause of the accident. See also, *e.g.*, *Inman v. Baltimore & Ohio R.R. Co.*, 361 U.S. 138, 140 (1959) (implicitly recognizing that a

third party drunk driver was the sole cause of an accident since any negligence "on the part of the railroad could have played no part in the petitioner's injury").

¶ 18    In holding that defendant could not argue that Behnken's negligent conduct was the only negligent conduct that caused the accident, the appellate court majority relied primarily on *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135 (2003). In that case, the Supreme Court held that the FELA embodies the common-law doctrine of joint and several liability. This doctrine provides, as a general matter, "that when two or more defendants tortiously contribute to the same, indivisible injury, each defendant may be held jointly and severally liable for the entire injury." *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 423 (1997). Because the FELA incorporates the common law of joint and several liability, damages cannot be apportioned among multiple, concurring tortfeasors in FELA cases. Instead, when a defendant railroad is found to have caused the employee's injuries either "in whole or part," it must pay full damages to the employee and then seek contribution from the other tortfeasor. *Norfolk*, 538 U.S. at 165-66.

¶ 19    In this case, however, the jury concluded that defendant was *not* liable to plaintiff in the first instance. The jury determined that defendant did not cause plaintiff's injuries either "in whole or in part." Apportionment of damages was, therefore, never at issue. Plaintiff settled his claim against Behnken before trial, and the jury was properly instructed to determine whether defendant was the cause, even in the slightest, of plaintiff's injuries. At no point did defendant ask the jury to apportion damages between it and Behnken as joint tortfeasors.

¶ 20    Finally, plaintiff contends that the circuit court abused its discretion when it instructed the jury on defendant's sole cause defense and refused various instructions offered by plaintiff, which challenged that defense. However, we have concluded that it was permissible for the jury to consider the entirety of the circumstances surrounding the accident, including whether Behnken's negligent conduct was the only negligent conduct that caused the accident. We find no error in the circuit court's instructions.

¶ 21    Under the FELA, the employee cannot recover unless the railroad was a cause, at least in part, of the plaintiff's injuries. In this case, after considering all the evidence, the jury agreed with defendant that it was not. There is no basis for disturbing that determination.

¶ 22                                    CONCLUSION

¶ 23    For the foregoing reasons, the judgment of the appellate court is reversed. The judgment of the circuit court is affirmed.

¶ 24    Appellate court judgment reversed.

¶ 25    Circuit court judgment affirmed.

¶ 26    JUSTICE KILBRIDE, specially concurring:

¶ 27    I agree with the majority's analysis and decision. I write separately only to address the circuit court's jury instruction on the standard for causation in this case arising under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2006)). In this case, the circuit court instructed the jury that:

"More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its negligence was a cause of injury in whole or in part to the plaintiff it is not a defense that some third person who is not a party to the suit may also have been to blame. However, if you decide that the sole cause of the injury to the plaintiff was the conduct of some person other than the defendant then your verdict should be for the defendant."

¶ 28    Jury instructions must convey the applicable law accurately. Taken together, the instructions must be sufficiently clear not to mislead, and they must state the law fairly and correctly. *Studt v. Sherman Health Systems*, 2011 IL 108182, ¶ 13; *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 170 (2008). The FELA states, in pertinent part:

"Every common carrier by railroad while engaging in commerce *** shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce *** for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ***." 45 U.S.C. § 51 (2006).

I agree with the majority that the jury instruction given by the circuit court incorporated the FELA standard on causation accurately and the circuit court did not err in instructing the jury.

¶ 29    Nonetheless, I note that federal courts offer different instructions on the causation standard applicable to FELA cases that emphasize the low threshold for imposing liability. The instructions given in federal courts and the overwhelming majority of state courts track the language from *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957), describing the relaxed FELA causation standard.

¶ 30    In *CSX Transportation, Inc. v. McBride*, 564 U.S. 685 (2011), the Supreme Court discussed at length jury instructions for the FELA causation standard. In that case, the district court instructed the jury with the Seventh Circuit's pattern instruction, stating:

"Defendant 'caused or contributed to' Plaintiff's injury if Defendant's negligence played a part—no matter how small—in bringing about the injury. The mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence." (Internal quotation marks omitted.) *CSX Transportation*, 564 U.S. at 690.

¶ 31    In holding the instruction was proper, the Supreme Court observed that FELA's language on causation " 'is as broad as could be framed.' " *CSX Transportation*, 564 U.S. at 691-92 (quoting *Urie v. Thompson*, 337 U.S. 163, 181 (1949)). The Court stated that in *Rogers*, FELA's causation standard was described as follows:

" 'Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.' " *CSX Transportation*, 564 U.S. at 692 (quoting *Rogers*, 352 U.S. at 506).

¶ 32    In reliance on *Rogers*, every court of appeals reviewing judgments in FELA cases has approved jury instructions identical or substantively equivalent to the Seventh Circuit's instruction. *CSX Transportation*, 564 U.S. at 698. Further, the model federal instruction provides that:

" 'The fourth element [of a FELA action] is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?' " *CSX Transportation*, 564 U.S. at 698 (quoting 5 Leonard B. Sand *et*

*al.*, Modern Federal Jury Instructions (Civil) ¶ 89.02, at 89-38, 89-40 & Comment (2010)).

¶ 33 The Supreme Court asserted that "[c]ountless judges have instructed countless juries in language drawn from *Rogers*." *CSX Transportation*, 564 U.S. at 699. The Court approved both the Seventh Circuit's instruction and the model federal instruction because the phrase "negligence played a part—no matter how small" is synonymous with "negligence played any part, even the slightest." (Internal quotation marks omitted.) *CSX Transportation*, 564 U.S. at 696 n.3. "*Rogers* stated a clear instruction, comprehensible by juries: Did the railroad's 'negligence pla[y] any part, even the slightest, in producing [the plaintiff's] injury?' " *CSX Transportation*, 564 U.S. at 697, n.4.

¶ 34 The causation issue is critical in FELA cases. "[F]or practical purposes the inquiry in [FELA] cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death ***." *Rogers*, 352 U.S. at 508. Given the importance of the causation issue particularly when, as here, the defendant contends a third party's conduct is the sole cause of the injuries, I believe the instruction approved by the Supreme Court and given by federal courts and the overwhelming majority of state courts should also be given in Illinois. In contrast to the instruction given by the circuit court, the *Rogers* instruction emphasizes that plaintiff may recover if the railroad's negligence played any part, *even the slightest*, in bringing about the injury. I believe the jury instruction approved by the Supreme Court should be given in future FELA cases because it more clearly and fully states the causation standard from *Rogers*. Accordingly, I specially concur.